SPICER PATRICK & R. C. M. LOVELL vs. V. B. HORTON.

July Term, 1868.

To enable a court to enforce a specific contract for the sale of real estate the contract must be established by competent proof, to be clear, definite and unequivocal in all its terms. And the contract proved must be that charged in the bill.

This cause arose in Mason county in May, 1866. The point on which the case was decided here was that the contract of sale as alleged in the bill was not fully established by the proof; that even if established as alleged it must be done by the testimony of more than one witness, where there were no corroborating circumstances, to contradict the answer. But one witness proved anything in relation to the contract, whose testimony this court held did not establish the terms of contract, which was not in writing, as alleged in the bill. It is, therefore, not thought necessary to state any of the particulars of the contract alleged in the bill, as no specific contract was proven, or what it was, or whether its terms had ever been executed and complied with.

*Lamb & Paull* for appellants.
*G. W. Jeffers* for appellee.

MAXWELL, J. Horton filed his bill in the circuit court of Mason county for the specific execution of an alleged contract for the purchase of a house and two lots in the town of Mason, in the said county, charged to have been sold by

* See page 1.

Lovell to the said Horton. The bill also prays that a conveyance of the said property made by the said Lovell to Patrick may be set aside on the ground that it was made without consideration and with a full knowledge on the part of Patrick of the contract between Horton and Lovell. To which bill the defendant Lovell filed his answer, denying the contract charged in the bill and insisting that if any contract had been made it was void because not in writing. Patrick also filed his answer in which he denied that the conveyance to him was made without consideration, and denied that he had any notice of any contract between Horton and Lovell for the sale and purchase of the property.

On the final hearing of the cause the court decreed that the deed to Patrick be set aside, and decreed that Lovell and wife should convey the property to Horton, or upon their failure to do so the commissioner of the court should make the conveyance. Lovell and Patrick not being satisfied with the decree rendered have appealed to this court.

There are several causes assigned as error, some of which undertake to make points that do not arise upon the record.

The second and fifth causes assigned as error are that, the court erred because there is no contract proved in which the terms are set out, and because by the statute of frauds a parol contract for the sale of real estate is not valid in law.

To enable a court to enforce a contract for the sale of real estate the first essential is that the contract shall be established by competent proof to be clear, definite and unequivocal in all its terms. Not only so, but the contract proved must be the contract charged in the bill. Story's Equity Ju., sec. 764; *Pigg* vs. *Corder*, 12 Leigh, 69; *Nothany* vs. *Leftwick's representatives*, 3 Rand., 238.

The contract charged in the bill is denied by Lovell in his answer. Of the depositions taken in the cause there is but one, that of Healy, taken to prove the terms of the contract, which was not in writing. The contract described by this witness does not correspond fully with that charged in the bill, but if it did correspond with it, this witness is not supported by any other witness or by sufficient corrob-

orating circumstances to contradict the answer and establish the contract.

As the contract is not established by competent proof the question as to part performance and possession under it does not arise in the case under consideration.

Nor could the question arise in the case as to whether or not Patrick was a *bona fide* purchaser for valuable consideration without notice, for the same reason.

For these reasons I think the decree complained of must be reversed with costs to the appellants, and that this court proceeding to enter such decree as the court below ought to have entered, should dismiss the bill of complainant with costs to the defendants below.

The President concurred.

DECREE REVERSED.