# CHARLESTON.

## McCULLY v. McLEAN *et al.*

Decided December 21, 1900.

1. REAL ESTATE—*Parol Contract—Evidence.*
   In order that a parol contract for the sale of real estate should be specifically enforced, the contract must be established by 'competent proof to be clear, definite, and unequivocal in all its terms, and the contract proved must be that charged in tae bill. (p. 628.)

2. PAROL CONTRACT—*Burden of Proof.*
   The burden of establishing such a contract rests upon the plaintiff who alleges its existence. (p. 628).

3. EQUITY—*Parol Contract—Evidence.*
   A court of equity will not enforce a parol contract for the sale or exchange of land, unless the terms of the agreement are admitted or clearly proven. (p. 629).

Appeal from Circuit Court, Tucker County.

Bill by William McCulley against Harriet McLean and others. Decree for plantiff, and defendant Harriet McLean appeals.

*Reversed.*

C. O. STRIEBY and C. WOOD DAILEY, for appellant.

CUNNINGHAM & STALLINGS, for appellee.

ENGLISH, JUDGE:

William McCulley being the owner of two lots in the town of Davis, West Virginia, known as lots Nos. 106 and 107, and Harriet McLean the owner of another lot in said town known as lot No. 100, a controversy arose between said parties with reference to these lots. A suit in equity was instituted in July, 1899, in the circuit court of Tucker County by said McCulley against Harriet McLean and others, and the plaintiff in his bill alleges that about the 10th of September, 1898, he entered into a contract with Henry McLean representing himself as the agent of Edward McLean his son, by which contract said Edward McLean was to pay the plaintiff five hundred dollars for said lot No. 107, and plaintiff was to execute a deed to him for same, which deed was duly executed and delivered; that on the 12th day of said month, Henry McLean as agent for Edward McLean prepared another deed for the same property, and with his counsel presented the same to plaintiff representing there was an error in the other deed, and procured him to execute the same, the consideration being changed from five hundred dollars to four hundred dollars. The plaintiff also alleges that on the 10th of September, 1898, a parol contract was entered into between him and Henry McLean as agent of Harriet McLean his wife for the exchange of lot No. 106 for lot No. 100, by the terms of which plaintiff was to convey lot 106 to Harriet McLean and she in turn was to convey lot No. 100 to the plaintiff's wife, Matilda E. McCulley.

The plaintiff also alleges that some time prior to the date of said contract made by him with Henry McLean as agent for his wife, plaintiff had executed a deed of trust to a Building and Loan Association to secure six hundred dollars on said lot 106 which had only partially been paid off when said contract was made, and when said Henry McLean as agent for his wife asked for a deed for said property, plaintiff could not pay off the balance due on said trust debt, and it was agreed between plaintiff and McLean that a deed of conveyance should be executed from plaintiff to Harriet McLean for lot 106, and she would accept said deed and withhold the deed of conveyance from her to said

Matilda McCulley for lot No. 100 until plaintiff could pay off said debt or loan due the Building and Loan Association, on lot 106, or obtain a loan on lot No. 100; that in pursuance of this agreement plaintiff and his wife executed a deed to Harriet McLean for lot 106 and the possession of said lots was at once exchanged; and that after said deed was made and delivered Harriet McLean obtained a loan for five hundred dollars on lot No. 100, in fraud of the rights of plaintiff, who therefore prays that the court might decree him the amount due on the mortgage given to the Building and Loan Association against Harriet McLean and compel her to make a proper deed for said lot No. 100 to said Matilda McCulley or that the deed made by plaintiff and wife to Harriet McLean might be cancelled and the possession thereof restored to plaintiff.

The defendant Harriet McLean answered the plaintiff's bill denying the alleged contract to exchange said lots, and claiming that at one time there was some negotiation pending between herself and plaintiff as to an exchange of her lot No. 100 and five hundred dollars boot for said lots 106 and 107 which fell through owing to the inability of plaintiff to give her a clear title free from incumbrance, but that later on she purchased said lots 106 and 107 for cash, paying four hundred dollars for No. 107, and seven hundred dollars for No. 106, and in addition thereto she was to relieve said lots of incumbrance and quiet the titles thereto, and in doing so she was required to pay more money than she had agreed to pay for the lots; that after her purchase of said lots she rented her lot No. 100 to plaintiff, and in that way he got possession of it.

These pleadings present the issue between the parties. The plaintiff claims that a parol contract for the exchange of these properties was made between himself and the defendant, while the latter states that before the deeds were delivered she found that both lots 106 and 107 were encumbered to the extent of their value; that a conference was had to determine whether the difference in purchase money could be applied to the extinguishment of the liens, but the plaintiff wanted McLean to take lots 106 and 107, allowing the liens to remain thereon, and convey to Matilda McCulley lot 100 free from encumbrance, and pay him in addition five hundred dollars in cash, leaving the liens on said lots until plaintiff could raise the money and discharge them.

Matilda McCulley says this proposition was accepted but McLean denies it.

Depositions were taken in the cause by both plaintiff and defendants, and a decree was rendered directing a specific performance of the contract, and Harriet McLean obtained this appeal.

Now in order that the plaintiff should succeed in this case, it was necessary that the contract which he seeks to enforce should be established by proof to be clear, definite and unequivocal in all its terms, and the contract proved must be that charged in the bill. See *Patrick & Lovell* v. *Horton,* 3 W. Va. 23.

The burden of proving this contract rested upon the plaintiff and it should have been established by a preponderance of the testimony.

It appears from the evidence that an exchange of properties was at one time contemplated between McCulley and McLean, and the negotiations progressed so far that deeds of conveyance were prepared and would have been delivered but for the fact that McLean discovered that McCulley's property was heavily incumbered, and at that point the negotiation ceased and was declared off, and the deeds that had been prepared were left in Mrs. McCulley's possession. In her testimony she states that she found them on the stand and put them in the bureau drawer. O. F. Strieby, the attorney who prepared the deeds of conveyance, says that some time afterwards the defendant McLean came to his office and told him he had made the McCulleys one more proposition in which he offered them one thousand one hundred dollars for their property, and he inquired about the deeds in case his proposition was accepted. On that night, September 12, 1898, McCulley came to Strieby's office, and among other things asked him if the first deeds would not do, and he replied that since McLean had purchased the properties from him at one thousand one hundred dollars, the exact consideration should be stated in the deeds; that he asked plaintiff to bring the deeds he had previously prepared that he might use them in describing the property, and told him to thrust them under the door and he would get them; that the next morning he found them and wrote up the second deeds; which testimony shows not only that the first deeds were not delivered, but that the plaintiff gave directions as to the execution of the deed to consummate the absolute sale of said lots 106 and 107.

The defendant Henry McLean testifies that he offered plaintiff one thousand one hundred dollars for said lots, and was told to go see Mrs. McCulley, which he did, and told her of the offer he had made plaintiff and asked her to "study it over, and whenever they agreed to take one thousand one hundred dollars to let him know;" that subsequently she came to his house and informed him that they had concluded to accept his offer provided he would rent them the "property up there at ten dollars a month;" that he saw McCully next morning, who confirmed Strieby's statements as to the conversation with plaintiff with reference to the sale, the preparation of the deeds, and furnishing him the old deeds in order that he might properly describe the property. This clearly shows that the deeds previously executed were still in the plaintiff's possession when the second deeds were about to be prepared; and shows also that an absolute sale had been agreed upon instead of an exchange as at first contemplated.

In order that the plaintiff in this case should prevail, it devolved upon him to prove by a preponderance of evidence that the parol contract for an exchange of said lots was not only contemplated, but that it was carried into effect, while the weight of evidence shows that the proposition to exchange was abandoned and an absolute sale was made by the plaintiff and wife to Harriet McLean.

In *Boggs* v. *Botkin,* 32 W. Va. 566, this Court held that; "A court of equity will not enforce a parol contract for the sale or exchange of land unless the terms of the contract are admitted or clearly proven."

The non-delivery of the first deeds prepared by Strieby and the part taken by plaintiff in the preparation of the deeds to carry out the sale seem to me to overthrow the entire contention of the plaintiff as to the exchange of property.

The plaintiff claims in his bill that the contract was that lot 106 should be deeded to Harriet McLean, that she should accept said deed and withhold the conveyance for lot 100 until the plaintiff could pay off the B. & L. debt on it, but he neither claims in his bill or attempts to prove that he has paid said debt. Such being the status, even if the contract for exchange had been established, he is not in a position to demand a deed, and yet the court in its decree directed a deed from Harriet L. McLean and her husband to be made to W. McCulley or Matilda McCulley if he should so direct, for said lot 100.

Now the allegation of the bill is that under the contract the deed was to be made to Matilda E. McCulley; such was the contract the court was asked to enforce, and yet the decree makes the party to receive the deed discretionary with the plaintiff, and this fact renders it uncertain.

The decree, while it ascertains that the sum of one hundred and thirty-seven dollars and sixteen cents is the balance due Harriet McLean from Wm. McCulley directs the title for her lot 100 to be conveyed to said McCulley or his wife, and only gives Mrs. McLean leave to sue out execution to collect this sum without reserving any lien on the lot to secure it, which would be erroneous, even if the alleged parol contract had been proven.

The plaintiff, however, has failed to sustain his case on other grounds. He has failed to prove the contract alleged in his bill; on the contrary the defendants have shown that the alleged contract though at one time contemplated and made the subject of negotiation, was abandoned, and another and a different contract was made and executed, no mention of which is made in the bill.

The decree must be reversed and the bill dismissed.

*Reversed.*