JOHN M. CARTER v. BENJAMIN A. GIBSON.

FILED JANUARY 23, 1901.   No. 11,390.

1. **Cestui Que Trust:** JUDGMENT AGAINST TRUSTEE: WAIVER. A *cestui que trust* by taking a judgment against his trustee for the price of trust property wrongfully sold, thereby ratifies the sale and waives his right to pursue the purchaser.

2. **Judgment:** PLEADINGS: PROOF: PRESUMPTION. Nothing appearing to the contrary it will be presumed that the judgment appealed from was within the pleadings and justified by proof.

ERROR from the district court for Cass county. Tried below before RAMSEY, J. *Affirmed.*

*A. M. Russell*, for plaintiff in error.

*E. H. Wooley* and *J. C. McNerney, contra.*

SULLIVAN, J.

This action, as appears from the opinions in 29 Nebr., 324, and 47 Nebr., 655, was brought by John M. Carter against Benjamin A. Gibson to establish a trust in real estate and for an accounting. The case was referred to Mr. D. O. Dwyer to make findings of fact, and upon his report a decree was rendered establishing plaintiff's title to a portion of the property described in the petition. The second paragraph of the decree is as follows: "The court finds upon the issues joined and the report of the referee that the defendant is indebted to plaintiff in the sum of $4,151.09, over and above every and all claims, demands, counter claims and set-off of the defendant Gibson due from the plaintiff to defendant Gibson. It is further considered by the court that the plaintiff recover from the defendant the sum of $4,151.09 and the further sum of $——, costs, being the costs accruing in said case in favor of the plaintiff from the commencement of this suit, and all judgments heretofore rendered in this cause against the plaintiff and in favor of the defendant, trustee, are hereby set aside and held for naught." Later in the term the court, by consent of counsel for both parties, but without the knowledge or consent of the plaintiff, added to the decree the following provision: "The court further finds, adjudges and decrees that all of the persons who purchased property described in the referee's report as his exhibit 'A' are *bona fide* purchasers and obtained full and complete title to the premises purchased by them as against any and all claims of both the trustee, Benjamin A. Gibson, and the *cestui que trust*, John M. Carter, and have full and complete title to the premises so purchased by any of such purchasers who made their purchase prior to the commencement of this action and that neither the said trustee nor the *cestui que trust* have any claim or demand against said purchasers, but their title to said premises is full and complete as against the said trustee and

Carter v. Gibson.

*cestui que trust*, free and clear of any claim or demands of either of them." The plaintiff afterwards moved to eliminate this provision, but the court denied the motion, and its ruling is assigned for error.

The record contains neither the pleadings, the evidence given at the trial nor the findings of the referee. The decree, standing alone, is not very intelligible, but we are inclined to think that it transfers from Gibson to Carter the legal title to the trust property remaining unsold, and requires the former to pay the latter all moneys which he received for lands sold in violation of the trust. If this construction is correct, the plaintiff has no just ground for complaint. By taking a judgment against the defendant for the price of the property wrongfully sold, he ratified the sales and thereby waived his right to pursue the purchaser. *State v. Bank of Commerce*, 61 Nebr., 22. Having lost his remedy against the defendant's grantees, the plaintiff is not prejudiced by a judgment quieting their titles. In an action to recover from a trustee the proceeds of a sale of real property there would seem to be no impropriety in quieting the vendee's title as against any adverse claim of the *cestui que trust*. Such a judgment is really for the benefit of the vendor, who may be required by the covenants of his deed to defend the title which he assumed to convey. Nothing appearing to the contrary, it will be presumed that the decree rendered in this case was within the pleadings and justified by the proof.

The order overruling the motion to strike out the third paragraph of the decree is

AFFIRMED.