# CHARLESTON.

### ROWAN *v.* CHENOWETH.

Submitted January 26, 1904—Decided March 15, 1904.

1. RES JUDICATA.

   Reversal of a decree is not *res judicata* as to any matters not necessarily passed on in reaching a decree of reversal, or not passed on in the opinion. (p. 328).

2. PAYMENTS.—*Application.*

   As a general rule payments, when not applied by the parties, are applied by the law to the oldest of several debts. (p. 329).

Appeal from Circuit Court, Randolph County.

Action by S. A. Rowan, administrator, and others, against E. B. Chenoweth and others. Decree for plaintiffs, and defendants Yokum and Leonard appeal.

*Modified.*

C. W. DAILEY and STRADER & STRADER, for appellants.

W. B. MAXWELL and HARDING & HARDING, for appellees.

BRANNON, JUDGE:

As will appear from a former decision in this case in 49 W. Va. 287, Chenoweth was sheriff of Randolph county, and Leonard was his deputy, and Chenoweth had a demand against Leonard for taxes collected by Leonard for which he failed to account, and for some due bills given by Leonard for different sums to Chenoweth, and Leonard had a demand against Chenoweth for

half of the fees and emoluments of the office going to Leonard under the agreement between them, and Leonard also held certain receipts for different sums of money received by Chenoweth from Leonard. In the former decision this Court held that the demand of Leonard for half the fees of the office was barred by the statute of limitations, and that the demand of Chenoweth against Leonard for the taxes collected by Leonard was likewise barred. When the case was remanded to the circuit court from this Court it was recommitted to a commissioner to restate the account between the parties. Leonard in the meantime had died. The commissioner made a statement by which he charged against Leonard the due bills given by him to Chenoweth, and did not charge to Leonard's credit against Chenoweth the said receipts given by Chenoweth to Leonard for said moneys received from Leonard by Chenoweth. By this statement the said receipts were applied on the barred demand of Cehnoweth against Leonard for taxes collected by Leonard. The commissioner also made another statement by which he credited to Leonard the moneys mentioned in said receipts given by Chenoweth and thus applied those receipts on the due bills given by Leonard to Chenoweth. By the one statement Leonard was found indebted to Chenoweth $1,654.06, and by the other Chenoweth was found indebted to Leonard $567.71. The court adopted by its decree the finding of the statement which gave Chenoweth against Leonard $1,654.06. The receipts given by Chenoweth to Leonard are four in number. They are alike in language. The following is a sample of them: "Received June 13, 1888, of G. W. Leonard, deputy for Z. T. Chenoweth, three hundred and twenty-five dollars, which I am to account to him for in the collection of taxes in the several districts of Randolph county for the year 1887. Z. T. Chenoweth, S. R. C." One of those orders states that the payment was made "in orders." There is a fifth paper reading as follows: "George W. Leonard, deputy for Z. T. Chenoweth, sheriff of Randolph county, one hundred and forty-three dollars and seventy-five cents, it being amount of orders received from him this 15th day of July, 1889. Z. T. Chenoweth, S. R. C." From the decree Leonard's administrators appeal. They complain of the action of the court in adopting that one of the two commissioners statements submitted to the court for its decision, which denies to

Leonard credit for the said receipts on the theory that they were applicable on the taxes collected by Leonard as payments on the demand based on such collected taxes    Leonard's side, claims that the moneys specified in said receipts should not be applied as payments on the barred demand of Chenoweth against Leonard for taxes collected by Leonard, but that those receipts should be treated as evidences of indebtedness in favor of Leonard and credited to Leonard as such against Chenoweth.    The Leonard side of the case says, first, that the decision of this Court is *res judicata* to fix and settle the allowance to Leonard of the moneys specified in the said receipts, and that whether they should be allowed Leonard as evidences of debt against Chenoweth is not an open question, but is foreclosed by the former decision of this Court, and that those receipts must be treated, not as payments on the barred taxes collected by Leonard, but as debts and set-offs against the due bills of Chenoweth against Leonard; and Leonard's side says, secondly, that if even the former decision is not conclusive to show that said receipts must be allowed as debts against Chenoweth, then those receipts on their face show that they are not payments on the demand against Leonard for the barred taxes collected by him, but are evidences of debt for Leonard against Chenoweth.    First, is the decision of this Court conclusive to show that those receipts are to be allowed as evidences of debt for Leonard against Chenoweth, and are not to be treated as payments on the barred taxes due from Leonard to Chenoweth?    The Leonard side argues that this Court decided that Leonard's claim against Chenoweth for half the fees of office was barred and could not be allowed, and that from this it follows that the receipts were allowed to Leonard; that the commissioner in the report involved in the case when it was formally in this Court had allowed those receipts to Leonard's credit, and that whilst the circuit court allowed Chenoweth the taxes collected by Leonard and credited those receipts to Leonard, this Court reversed the decree because of the allowance of said taxes to Chenoweth it logically left the receipts untouched, left them as allowances in favor of Leonard, and did not reject those receipts, but only rejected Leonard's claim for half the fees of office; in other words it rejected one of Leonard's claims, but not the other.    Now, the allowance by the commissioner of those receipts to Leonard's credit was not excepted to by Chenoweth, and

was not in issue before this Court. No exception put them in controversy. This Court did not pass on those receipts. It held Leonard's account against Chenoweth for half the fees of office barred and Chenoweth's demand against Leonard for taxes collected barred, but did not pass on those receipts. It simply reversed the decree *in toto* and remanded the case for a new account. A reversal is not *res judicata* as to matters on which the opinion does not pass, unless such matters were necessarily passed upon in reaching the decree of reversal. Decision as to these receipts was not necessary to reach a reversal. *Beckwith* v. *Thompson,* 18 W. Va. 103. If this Court had only modified the decree of the circuit court so far as it allowed Leonard his half of the fees of office and allowed Chenoweth the taxes collected by Leonard, and in those respects reversed the decree, but in other respects affirmed it, or had simply reversed in those respects, then it might be said that those receipts were involved in the decision, and were to be allowed Leonard; but this even is questionable. A total reversal wiped out the decree, and left the case open except as to the items expressly passed on in the opinion. True, we did not hold those receipts barred, neither did we hold them debts. The circuit court by confirming the report did allow them to Leonard, but that confirmation was reversed. The opinion does not say whether those receipts were good or bad, and simply because they were not among the items held to be barred did not imply that they should be allowed in a further account. It is only by inference that it is sought to make the decision operate as allowance of those receipts, and the law says that a decision cannot be made to operate as *res judicate* by mere uncertain argument or inference. Bigelow on Estop. 165. Indeed, it may be said that the inference is the other way. Chenoweth claims for taxes collected was allowed against Leonard by the report and decree, and the receipts were allowed as payments thereon, and as such taxes were disallowed by the decree of this Court, it would rather follow that so too the receipts were disallowed. The inference might be rather that the receipts were rejected than that they were allowed, because they were only allowed by the circuit court as payments on the demand against Leonard for taxes, and as that demand was held barred, the payments would go with them. In short, the inference would be that the decree below impressed them with the character of pay-

ments on taxes, and hence the decision fixes them as payments on those taxes. If there is any *res judicata,* it is rather that they must be held as payments on those taxes, not as evidence of debt against Chenoweth. But I do not assert that the decree is final to stamp those receipts as payments. It is only an inference. They might be set-offs. But the decree is not *res judicata* to stamp them as evidences of debt.

In the next place, are those receipts in themselves, regardless of our former decision, payments, or are they evidences of debt? They contain to start with the word "received," a word so universally used in receipts for payments that it stamps the paper as evidence of a payment, not an obligation to pay. If they were intended as notes, why were they not made notes or due bills? And why do they not contain some promises of payment? And then they are official receipts between sheriff and his deputy and that alone tell us that they are payments of some demand of the sheriff against his deputy, if they did not specify what demand it is. We know from the record that there was then existing a larger claim than the receipts against the deputy in favor of the sheriff for taxes, and we would naturally apply the moneys on that demand, if the receipts showed no more than the receipts of such money. But then the receipts negative that they are evidences of debt, because they specify that the moneys were to go as payments for liability "in the collection of taxes;" they bind Chenoweth "to account to him for in the collection of taxes in the several districts of Randolph county." Why shall we not apply them as payments on those taxes when we know that Leonard was at the time indebted to Chenoweth for taxes collected? Under all these circumstances what other constructions can be given these receipts? When those payments were made the demand for the taxes was not barred, and we do not have the question how payments shall be applied when part of the demand is barred and part not. When the parties make no applications of payments, the law applies them to the oldest of several debts. *Genin* v. *Ingersoll,* 11 W. Va. 549. Leonard owed Chenoweth the taxes and due bills, the tax demand being the older. But we do not have to rely on that principle, for the reasons that the receipts themselves say on what particular demand they apply. Therefore, we hold that those receipts go as payments upon Chenoweth's demand for taxes collected by

Leonard, and cannot be allowed as debts against Chenoweth. I should have said, though it is not important, that the word "orders" in two of the receipts does not change their import. They were orders on the sheriff lifted by Leonard as deputy and turned over by Leonard to Chenoweth to go to his credit in settlement with the county or districts. They were money.

The Chenoweth side excepts to the computation of interest on the due bills given by Leonard to Chenoweth. The commissioner's statement combined the principal of all the due bills into a lump sum and deducted from it a store account of $80.06, and on the balance gave interest from a date not given to October 10th, 1902, the date of his report, whilst the due bills bore interest from different dates, and thus made the interest materially less than the due bills call for. This is cross-assigned as error for this. It was error to decree the sum so found. The sum which should have been decreed is $1,843.14, instead of $1,654.06. Chenoweth's representatives also cross-assign error in the allowance of a store account to Leonard of $80.06, claiming that it is barred by limitation; but there is no exception for this.

Therefore, it is adjudged, ordered and decreed that the decree of the circuit court of Randolph county pronounced on the 15th day of May, 1903, be modified so that there be decreed in favor of the estate of Chenoweth $1,843.14, with interest from the 10th day of October, 1902, and that H. Yokum and Beulah W. Leonard do pay out of the assets in their hands as administrators of George W. Leonard, deceased, the sum $1,843.14, with interest from the 15th day of May, 1903, and that the estate of said Leonard is liable therefor and do pay the same, and that the said decree of the circuit court, as modified by this decree, be affirmed.