# CHARLESTON.

CHARLES N. FINNELL, *Receiver etc. v.* S. H. JORDAN *et als.*

(No. 5597)

Submitted October 5, 1926.   Decided October 12, 1926.

1. TRUST DEEDS—*Equity Will Not Take Jurisdiction to Enforce Trust Deed Lien, Unless There is Impediment Preventing Trustee from Making Fair and Proper Sale; Where Execution of Trust in Trust Deed is Incidental to Proper Determination of Cause, of Which Court Has Properly Taken Jurisdiction, and it is for Best Interests of Litigants, Court Should Have Trust Executed Under its Direction.*

    A court of chancery will not take jurisdiction to enforce a trust deed lien unless there is some impediment which prevents the trustee from making a fair and proper sale, where the suit is for the sole purpose of having the trust executed. But where the execution of the trust is incidental and auxiliary to a proper determination of a cause of action of which the court has properly taken jurisdiction, and it is for the best interests of the litigants, the court should proceed to have the trust executed under its direction.   (p. 342.)

    (Mortgages, 41 C. J. § 1384.)

2. APPEAL AND ERROR—TRUST DEEDS—*If Court Properly Takes Jurisdiction of Trust in Trust Deed, it Has Discretion in*

*Appointment of Commissioners to Make Sale; Where Trustee is Proper Person Selected by Parties, he Should Not be Excluded, as Ineligible to Appointment as Commissioner to Make Sale of Property Subject to Trust Deed, Except for Cause; Discretion of Court in Selection of Commissioners to Sell Property Subject to Trust Deed Will Not be Disturbed on Appeal Unless Clearly Abused.*

Having properly taken jurisdiction of such trust, the court has discretion in the appointment of commissioners to make sale. The trustee, being a proper person and selected by the parties, should not be excluded except for cause. The discretion of the court in the selection will not be disturbed on appeal unless clearly abused. (p. 343.)

(Appeal and Error, 4 C. J. § 2822 [Anno.]; Mortgages, 41 C. J. § 1384 [Anno.].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Appeal from Circuit Court, Mineral County.

Suit by Charles N. Finnell, receiver of the People's Bank of Keyser, and another, against S. H. Jordan and others, to have a conveyance set aside as in fraud of creditors. From a decree for plaintiffs, defendants appeal.

*Affirmed.*

*William MacDonald* for appellants.

*Charles N. Finnell, F. M. Reynolds,* and *Emory Tyler,* for appellees.

LIVELY, JUDGE:

This is a chancery suit by two creditors against their debtor et als., the primary object of which is to have a conveyance by the debtor set aside because made without consideration, and with intent to hinder, delay and defraud his creditors.

Charles N. Finnell, receiver of the Peoples Bank of Keyser, filed his bill against S. H. Jordan, Sallie Pope Jordan, his wife, and William MacDonald, trustee, alleging that on Jan. 15, 1921, defendant S. H. Jordan was the owner of a tract of 500 acres of coal lands situate in Grant County, and was on the same date the owner of certain real property located in Keyser, Mineral County; that on Jan. 15, 1921, the Peoples

Bank of Keyser loaned defendant Jordan $12,600, evidenced by a negotiable note secured by a deed of trust on the 500-acre tract of coal land in Grant County, William MacDonald being named as trustee in said deed of trust; that until about March 29, 1924, defendant operated said coal, and the lien of the trust deed was regarded as ample security for the payment of Jordan's note, but that in the latter part of March, 1924, a flood carried away the bridge connecting the tract of coal land with the Western Maryland Railroad, since which date the coal has not been operated and has greatly decreased in value so that the security of the deed of trust is no longer regarded as ample. The bill further alleges that on March 30, 1925, plaintiff obtained a judgment on said note against defendant Jordan, for $14,637.00; that on July 25, 1924, after the above mentioned note became due and payable, Jordan and his wife Sallie, conveyed said real estate situated in Keyser, to one MacDonald, trustee, to be deeded by him to the wife; and that on Aug. 6, 1924, said trustee did convey the Keyser property to Sallie Pope Jordan, without other consideration than the carrying out of the terms, conditions and provisions of the deed of July 25, 1924; that the property covered by the deed of trust to secure the bank will not sell for enough to pay the plaintiff's judgment; and that said conveyance to the wife was voluntary and without consideration, and was made for the purpose and with the intent to hinder, delay and defraud Jordan's creditors, more especially the bank.

The prayer of the bill is that the deeds of July 25, 1924 and Aug. 6, 1924, conveying the house and lot in Keyser, be set aside as fraudulent and void in so far as plaintiff's rights as receiver of the Peoples Bank of Keyser are concerned; that the 500-acre tract of coal land in Grant County be sold under a decree of the court, and if necessary, that the Keyser property be sold to satisfy plaintiffs' judgment; and for general relief. A lis pendens was filed against the Keyser property.

Before the entry of the decree complained of, the First National Bank of Keyser filed its petition in the cause and process was issued thereon, and said bank was made a party

plaintiff. The petition contained averments similar to those set forth in plaintiff's bill, with the exception of amount sued for, $2,838.00, and the averment that its security was a deed of trust conveying ten acres of the surface of the 500-acre coal tract, with improvements thereon. The petitioner prayed for the same relief asked for in the bill.

The defendants demurred, and filed answers admitting the trust deeds on the coal properties and the debts secured thereby; but denying that the deed to the wife was without consideration or fraudulent, and averring that the trust property was sufficient to discharge the trust debts. It was at this stage of the proceedings that the court entered the decree complained of, decreeing that the subject-matter of the two deeds of trust be sold and the purchase price, after paying the expenses of the sale, be applied to the respective debts; but the court reserved for future determination whether or not the Keyser property should be decreed to be sold in this suit. It is from this decree that the defendants appeal.

It will be unnecessary to pass upon the points of error raised by the demurrer and the other pleadings (except to the extent noted hereinafter), because there has been no final decree as to the primary object of the suit, namely, the setting aside of the alleged fraudulent conveyance.

It may be true that the decree is final insofar as it affects the trust lien property, and if that decree is erroneous and prejudicial to appellants it should be reversed. Wherein is it prejudicial? The amounts of the debts secured by these trust deeds are unquestioned; the deeds themselves are not attacked. The decree directs the sale upon the same terms agreed upon by the parties. The correctness of the decree is not questioned. The error assigned against it by the debtors relates to the jurisdiction of the court to pronounce the decree—a point of demurrer. It is argued that a court of chancery has no power or jurisdiction to enforce a trust deed lien unless there is some impediment in the way of a free and fair sale by the trustee. It is very well settled that no party to a trust of this character can resort to equity for the enforcement of the trust unless there is a valid controversy or im-

pediment which should be judically determined before sale by the trustee is made, in order that the sale may be fair and complete. Hogg's Eq. Prin. Sec. 486; *Bank* v. *Houchens,* 115 Fed. 96. Wherefore, appellants say that there being no impediment alleged in the bill which would prevent a full, fair and free execution of the trust by the trustee, and there being no question as to the amount of the debts secured, (their maturity and default in payment and the right to have the trust property sold being practically admitted in the answer), the court should have dismissed this trust property from the suit and left the plaintiffs, insofar as the trust property was concerned, to the remedy of sale by the trustee. This argument leaves out of consideration the purpose of the suit. The execution of the trust liens is but incidental to the main purpose of the bill. The bill charges, in substance, that both the property in Keyser, claimed to have been transferred to the wife without consideration, and for the purpose of hindering, delaying and defrauding plaintiffs in the collection of their debts, and the coal lands are liable for plaintiffs' debts, and that the trust property will be insufficient to discharge them. The execution of the trust is only incidentally involved; it is not the basis of jurisdiction. Equity once having taken jurisdiction will afford ample relief. Indeed, it might be that Mrs. Jordan, the wife, could have forced plaintiffs to resort to the trust property first before selling her property, under a principle similar to the familiar one that where one has a lien on two properties and another has a lien on one of the properties, equity will require the former to exhaust his remedy against that property or fund not encumbered by the latter's lien or claim. Her answer says that the trust property is sufficient to pay plaintiffs' debts and the trust property should be sold before proceeding against her property. Plaintiffs say the trust property is not sufficient; she says it is sufficient. A sale will determine that controversy. We cannot see how she is prejudiced by a sale of the trust property. If perchance the coal property of her husband brings sufficient to discharge the debts, her property is saved to her. Nor can we see how Jor-

dan, the principal debtor, is in any way prejudiced by a sale by the court, rather than a sale by the trustee. There is little difference in the expenses, and the fact that the commissioners give bond for the faithful performance of their duties is not to his detriment. The execution of the trust being incidental and auxiliary to the main purpose of the bill, we think the court did not err in assuming jurisdiction of the trust property. Nor can we see wherein appellants Jordan are prejudiced by the decree. It is rather to their benefit.

MacDonald, trustee, has appealed from the decree, and alleges it to be erroneous in that he was not appointed sole commissioner to make sale, or directed to make sale as trustee; and that he is prejudiced by being deprived of two-thirds of his commissions by reason of the appointment of Finnell and Tyler representing the two banks, respectively. The commissions, regulated by statute unless the court otherwise order (and it has not otherwise ordered here), are 5% of the amount received (Chap. 70, Acts 1919). How much will the commissions be? Obviously the amount will depend on the sale price, at present an unknown figure. Whether MacDonald, trustee, even if he has the exclusive right to be appointed commissioner, will be prejudiced to the amount of $100.00 in order that this court may consider it, is uncertain.

Is it mandatory for the court to appoint as sole commissioner a trustee of the trust property in cases of this character? As authority for and against that proposition both briefs rely upon our case of *Sulzberger* v. *Fairmont Packing Co.*, 86 W. Va. 361. In that case an attorney representing the plaintiff which had obtained a judgment lien against the debtor's property which was incumbered by a prior deed of trust to Powell, trustee, was appointed as the sole commissioner to make sale, to the exclusion of the trustee, and the point of error was that the court erred in not directing Powell, trustee, to make sale under direction of the court. That point of error was not well taken. The court recognized the power of the chancellor either to direct sale by the trustee or by a commissioner of his own choosing. The opinion says that under the circumstances of that case the

court should have named the trustee, because the plaintiff could hardly hope to realize anything on its debt because of the large trust debt; but the decree was not reversed on that ground.  It was modified so as to cut off excessive commissions allowed by the court to the commissioner who made sale.  The selection of a commissioner is largely within the discretion of the chancellor.  A trustee should not be ignored.  He has no vested right to commissions unless he earns them by making sale as trustee.  The usual practice is to name the trustee, if there be no good reason against it, either as sole commissioner or with others who represent litigants vitally interested.  In this case Finnell and Tyler represent the banks who are the first and only lienors on the property to be sold.  We find no objections in the lower court against their selection.  Mac-Donald representing defendants as counsel and resisting the assertion of the debts in this suit, does not stand in a strictly impartial relation.  We do not think the court abused its discretion in selecting its commissioners of sale.

Finding no reversible error, the decree will be affirmed.

*Affirmed.*