T. T. Huffman, Sr., *Trustee v.* J. R. Hayden *et al.*

(No. 7713)

Submitted February 13, 1934. Decided March 6, 1934.

*Ernest A. See,* for appellant.
*Wm. MacDonald,* for T. T. Huffman et al.
*Emory Tyler,* for J. R. Hayden.

Woods, President:

In 1929, J. R. Hayden, upon advice of T. T. Huffman, Sr., who had been endeavoring to make sale of the former's 266-acre apple orchard in Mineral County, conveyed said orchard to T. T. Huffman, Jr., and Fred N. Huffman, for an actual consideration of $10,000, evidenced by five $2,000 notes secured by deed of trust to T. T. Huffman, Sr. Hayden placed the five notes with the District National Bank of Washington, D. C., as additional collateral on a $30,000 loan from the bank. In 1930, Harry C. Stouffer purchased 144 acres of the orchard from the Huffmans for $10,000 agreeing as part of the foregoing consideration to assume payment of four of the notes owing by the Huffmans to Hayden. And in 1931, the Huffman Fruit Company, successor to the Huffmans in the remaining 122 acres, sold 102 acres thereof to Caleb J. White for $10,500—$600.00 cash, four $1,000 notes secured by deed of trust, and certain properties in Maryland for the balance. After some negotiations, due to Hayden's persistent demands for curtailment of the five notes held by him, Huffman, Sr.,

on behalf of Huffman Fruit Company, on May 29, 1931, sold the four White notes at a $300.00 discount to Ernest A. See, as Committee for John Knight, the trial court having previously approved the purchase with the understanding that prior liens would be removed. And, on June 1, 1931, a check for $2,000 payable to Hayden and signed by Huffman Fruit Company, was sent to the District National Bank, and Hayden notified.

This suit was brought some time thereafter by Huffman, to compel Hayden to execute a release as to the Caleb White 102 acres, in accordance with an alleged understanding between Huffman, Sr., Hayden and See, had prior to the sale of the notes, and the assignment of the deed of trust, to the latter, as committee. An answer was filed by See, in his fiduciary capacity, alleging that the purchase of the White notes was based on the alleged agreement set up in plaintiff's bill, and praying for specific performance thereof, and for general relief. The chancellor found for defendant Hayden, and entered up costs against the Huffmans, White and See, Committee.

Ernest A. See, Committee, the appellant herein, complains of the chancellor's failure to decree specific performance on the part of the defendant of the alleged agreement, or to require the latter to return the $2,000.00, or its equivalent, to the appellant for his ward, and in the court's action in entering costs against him.

It was the contention of both See and Huffman that Hayden agreed to execute a release for the 102 acres upon receipt from Huffman of the amount of $2,000.00 out of the proceeds derived from the sale of the White notes to See, Committee. Hayden, however, testified that the delivery of the release, which he had executed and placed with the District National Bank, was contingent upon the receipt of $5,000.00. It is an established rule in this state that a plaintiff seeking specific performance of an alleged contract must establish the existence and terms thereof by a clear preponderance of the evidence, which must be clear, full and free from suspicion. *McCully* v. *McLean,* 48 W. Va. 625, 37 S. E. 559; *Gillaspie* v. *James,* 48 W. Va. 284, 73 S. E. 598; *Harris* v. *Elliott,* 45 W. Va. 245, 32 S. E. 176; *Miller* v. *Lorentz,* 39 W. Va. 160, 19 S. E. 391; *Boggs* v. *Bodkin,* 32 W. Va. 566, 9 S. E. 891; *Gallagher* v.

*Gallagher,* 31 W. Va. 9, 5 S. E. 297. So, if the evidence is conflicting and it is not clear just what the terms were, specific performance will not be granted. Without further reference to the evidence on this phase of the case, it suffices to say that the court was warranted in refusing specific performance, and that its action in that respect is therefore affirmed.

But is See, in his fiduciary capacity, entitled to follow the $2,000.00, placed with the District National Bank to the credit of Hayden, on the theory that it is trust money? The principle seems to be universally recognized that equity, so far as a trust fund can be distinctly traced, will follow it and fasten the purpose of the trust upon it unless the rights of innocent third parties have intervened. 2 Perry, Trusts & Trustees (7th Ed.), 1403; 65 C. J. 963; *Marshall's Ex'r.* v. *Hall,* 42 W. Va. 641, 26 S. E. 300; *Vance* v. *Kirk,* 29 W. Va. 344, 1 S. E. 717.

Did Hayden actually know, or should he have known, that the money received from Huffman was obtained from See, as Committee for John Knight? Huffman and See both contend that the whole matter was gone over between them in Hayden's presence. While Hayden denies that he knew that the money came from See, his denial is at best evasive. All that he remembers in regard to the conference had in See's presence has reference to the amount to be paid. And while he attempts in his oral testimony to say that it was his understanding that Huffman's check for $2,000 was for money received from Stouffer, the correspondence passing between this witness and Huffman, together with the former's admitted conferences with Huffman in the presence of See, show that he actually knew, or should have known, that the $2,000 was trust money. Having such knowledge, Hayden cannot claim a right to the money, as a purchaser without notice, as against the property of the ward.

So, in view of the facts, a judgment is hereby decreed against Hayden in the sum of $2,000.00, and the ward's estate adjudged to be first in priority as against the 102 acres to the extent of such judgment. The mere fact that the money went to the bank, and was credited to Hayden's debt cannot change the situation. The bank loses none of its security.

Having been paid $2,000.00, it cannot complain of a lien in favor of the ward's estate in that amount.

Since See's only purpose in the suit was to protect, in so far as he could, the estate of his ward, we are of opinion that the order of the trial chancellor regarding costs be modified by giving See his costs along with Hayden. The cause is therefore remanded for the purpose of determining costs between the parties.

*Affirmed in part; reversed in part; remanded.*