BOARD OF TRUSTEES OF THE LEWIS PRICHARD CHARITY FUND *v.* MANKIN INVESTMENT COMPANY *et al.*

(No. 8646)

Submitted September 2, 1937. Decided November 9, 1937.

*George S. Wallace* and *Taylor Vinson,* for appellants.
*S. B. Avis* and *Philip Angel,* for appellee.

MAXWELL, JUDGE:

Houghton A. Robson, C. P. Nelson, in his own right, and C. P. Nelson, as trustee, appeal from a decree of the Circuit Court of Cabell County rendered the 5th of June, 1937. Among other matters determined, there was a decretal judgment in the amount of $51,668.70 against Robson, Nelson, Robert Mankin and Luther Mankin, the same to be paid within thirty days from the rising of the court, and if payment were not made within that period, there should be sale of certain residential property situate on Tenth Avenue in the City of Huntington, belonging to the Mankins, on which property there is a deed of trust in favor of the plaintiff, and if the amount realized from such sale should be insufficient, then an undivided half interest in such necessary number of three parcels of real estate in the City of Huntington, belonging to the Mankin Investment Company, should be sold to pay the deficiency. For the purpose of carrying out this decree, a special commissioner was appointed.

This is the second time this case has been in this Court. See *Board of Trustees, etc.* v. *Mankin Investment Co. et al.,* 118 W. Va. 134, 189 S. E. 96.

Synopsized, the assignments of error on the present appeal are these: (1) That there is no basis for the entry of a personal decree against Nelson; (2) that the decree against Robson is excessive because it includes compound interest, and insurance and taxes on the Mankin properties covered by the deed of trust, which latter items are claimed to have been paid by the Board of Trustees; (3) that there is no justification for the supplanting of Nelson as trustee under the Mankin deed of trust and the directing of sale by a special commissioner; and (4) that the circuit court should have provided that the decretal judgment against Robson should not be a lien on his property, because of the pendency of another chancery cause, wherein a special receiver had been appointed for all property owned by him. These assignments will be dealt with in the order named.

This suit is primarily for the purpose of recovering certain money which Robson, while a member of the plaintiff Board, wrongfully procured from it for his own benefit. In the former opinion, we held that such conduct on his part was established by proof, and that the Board was entitled to charge the property on which the deed of trust was given by the Mankins, as well as the property now owned by the Mankin Investment Company, in the order named, but no mention was made of personal liability. For this reason, the question of such liability stands *res integra. Rowan* v. *Chenoweth,* 55 W. Va. 325, 47 S. E. 80.

Respecting the personal decree against Nelson, the record discloses no evidence which will serve as a basis for a reasonable inference that he was a party to, participated in, or had knowledge of the wrongful obtainment of the trust funds for Robson's benefit. No good purpose would be served by a minute recital of testimony. It suffices to say the inferences sought to be deduced by the plaintiff respecting Nelson are not well grounded.

The amount of the decretal judgment is based on the notes given by the Mankins and secured by the deed of

trust on their property. The decree took into account the principal note of $35,000.00, and sixteen small notes for interest to accrue on the principal, together with the amount of money supposed to have been paid by the Board for insurance on the houses situate on the mortgaged property, and an amount covering delinquent taxes.

There is no evidence in the record justifying the allowance for insurance and taxes on any theory. At the time of entry of the final decree, a paper purporting to be a statement of an account between the Mankins and the Board was tendered by the plaintiff to the court. The final decree purports to make it a part of the record, but it cannot be accorded that dignity. It is an *ex parte* document and ranks merely as a fugitive paper. It should not have been recognized by the court, and, of course, affords no basis for an adjudication.

The decree seems to be based on the premise that the trustee, Robson, guilty of misconduct, and the participants in such conduct, became guarantors of the transaction into which they induced the Board to enter. This is clearly erroneous. Where a trustee's action in procuring an investment of trust funds is rejected by the *cestui*, the personal liability of the trustee is based not on the original transaction, but on a duty to restore the trust *res*. In such instances, there is an election to be made by the *cestui* whether he will take the investment which the trustee has wrongfully caused to be made, or will hold the trustee personally accountable and assert a lien against the property into which the trust funds have been traced. *Buford* v. *Adair*, 43 W. Va. 211, 214, 27 S. E. 260, 64 Am. St. Rep. 854; *In Re Mendel's Will*, 164 Wis. 136, 159 N. W. 806; *Ferris* v. *Van Vechten*, 73 N. Y. 113; *Bohle* v. *Hasselbroch*, 64 N. J. Eq. 334, 51 Atl. 508, 61 L. R. A. 323; *In Re Freas' Estate*, 231 Pa. 256, 79 Atl. 513; *Baker* v. *Disbrow*, 18 Hun. 29; *Woodrum* v. *Washington Nat. Bank*, 60 Kan. 44, 55 Pac. 333; *Carter* v. *Gibson*, 61 Neb. 207, 85 N. W. 45, 52 L. R. A. 468; 3 Bogert on Trusts and Trustees, sec. 865-867; 80 Univ. of Pa. Law Review, 1105; 65 C. J., subject Trusts, secs. 904, 907. See also *Huffman* v. *Hayden*, 114 W. Va. 660, 173 S. E. 561. The former opinion in this case fixes the lien theory and

not the tracing theory as the remedy chosen by the plaintiff. Under the lien theory, the liability of Robson and the Mankins is personal, and is co-extensive with the duty to repair the trust fund. Plaintiff has elected to reject the investment. This election requires a total rejection. Consequently, a decree against the defendants who are personally liable cannot be based on what the transaction which the trustee promoted would possibly have yielded if it had been permitted to stand. Therefore, there is no right to employ the interest notes as principal obligations and to charge interest thereon. The trust estate will be fully repaired by restoring the original principal with simple interest from August 14, 1931, it appearing that the interest prior to that date was paid.

No party to the controversy has questioned the right of the Board of Trustees initially to enforce the deed of trust on the Mankin residential property.

The third assignment of error is by Nelson, as trustee under the Mankin deed of trust, and relates to his being supplanted by the court's appointment of a special commissioner to act in his stead. In the former opinion it was directed that sale of the one-half interest in the land owned by the Mankin Investment Company be made only after a sale of the Mankins' residence properties had been made under the deed of trust. A trustee has no vested right in his office, and, in a proper case, where property covered by a trust deed is brought before a court of chancery in a proceeding in which the property is to be charged with debts, the court, in the exercise of a sound and reasonable discretion, may appoint a special commissioner to make sale of the property in place of the trustee. *Finnell* v. *Jordan*, 102 W. Va. 339, 135 S. E. 179; *Sulzberger & Sons Co.* v. *Fairmont Packing Co.*, 86 W. Va. 361, 103 S. E. 121; *Abney-Barnes Co.* v. *Davy-Pocahontas Coal Co.*, 83 W. Va. 292, 98 S. E. 298; *Stafford* v *Jones*, 65 W. Va. 567, 64 S. E. 723; *McDermitt, Admr.* v. *Newman*, 64 W. Va. 195, 61 S. E. 300. These cases allow for a reasonable, but not an arbitrary, discretion.

Concededly, if the decretal judgment be not paid, the first thing to be done toward restoring the plaintiff, *in*

*statu quo ante fuit*, is to sell the properties under the deed of trust. There is presented no reason why the sale should not be made in compliance with the terms of the trust, and by the trustee therein named, full report and accounting to be made by him to the court.

The last assignment of error has to do with failure of the court in its decree to provide that the lien of the decretal judgment should not apply to property owned by Robson, because his property is in receivership, and an injunction has been granted inhibiting his creditors from bringing suits and obtaining judgments against him. The cause wherein the receiver was appointed and the injunction entered is pending in the same court wherein the decree under review was rendered. After the enforcement of the deed of trust lien, and the equitable lien herein recognized, if there remain an unpaid balance of the decretal judgment against Robson, its status and priority should be determined in the receivership suit. The judgment herein to be rendered against Robson will merely establish the debt without reference to priority.

For reasons stated, the decree of the Circuit Court of Cabell County must be reversed and the cause remanded for the entry of a decree not at variance with the principles herein applied.

*Reversed and remanded.*