ROHRER *v.* TRAVERS, TRUSTEE, *et al.*

(Absent, GREEN, PRESIDENT).

Decided September 10, 1877.

1877.
August Term.

R. filed his bill in equity, alleging that he borrowed of P. $7,650.00, and executed his note to P. therefor March 25, 1873, payable April 1, 1874, for $8,500.00, he, P., being allowed and retaining $850.00, as interest on this loan in advance, for one year and six days use of said money ; and he, R., therefore claimed a credit on the principal of said note, of the excess of interest so paid over *six per cent,* of about ˜383.00 ; that R to secure the ⁸8,500.00 conveyed to T. as trustee certain real estate ; that in making that conveyance to T. he, R. omitted by mistake to except two parcels of real estate that he had before conveyed respectively to B. and F. in fee; and also, to except a prior lien in favor of the estate of L., deceased, a balance of said lien of about $2,000.00 remaining unpaid; that T. as trustee had advertised the whole of said real estate to be sold for the payment of said $8,500.00 and interest for the benefit of P.'s estate, he having since died ; and prayed that said trustee be enjoined from making said sale, and that an account be taken ascertaining said liens, also the just amount due the estate of said P., and for general relief. The executors of P. and the executors of L. answered the bill, admitting the prior conveyance of said two parcels to B. and F., and the balance unpaid on the prior lien of L.'s estate, but denied any knowledge of the alleged usury. The deposition of one witness was taken, that P. had told him, he had loaned R. $8,500.00 at *ten per cent,* as he witness understood him. The note said nothing about interest, and was for $8,500.00, dated March 25, 1873, payable April 1, 1874. The court decreed the sale of the land conveyed to said trustee, or so much thereof as should be required, excluding the parts conveyed to B. and F. by R., the plaintiff, "to pay the following sums which are liens thereon;" $2,000.00 with interest from

1877.
August Term.

Rohrer
v.
Travers, Trustee, *et al.*

November 1, 1873, less $300.00 paid February 3, 1874, due the executors of L.; and $8,500.00 with interest from April 1, 1874, due the executors of P., &c. The court further ordered, that the cause be referred to a commissioner, to inquire and report what amounts have been paid as interest on said debts, and whether said payment was in excess of legal interest, stating the amount of said excess, &c. HELD:

I. It was error to decree the sale of the real estate before the amounts of the debts and the priorities of the liens had been ascertained.

II. That it was error to sell said real estate, without giving a day to the debtor to pay.

III. That it is in the sound discretion of the court, under the circumstances of this cause, to refer the question of usury to a commissioner, instead of directing an issue out of chancery to try i.,

An appeal and *supersedeas* granted upon the petition of Henry Rohrer, to a decree of the circuit court of the county of Jefferson, rendered on the 18th day of November, 1875, in a cause in chancery then in said court pending, in which said Henry Rohrer was complainant, and Wm. H. Travers, trustee, and others, were defendants.

Hon. John Blair Hoge, Judge of the third judicial circuit, presided at the hearing below.

MOORE, JUDGE, who delivered the opinion of the Court, sufficiently states the case.

*Frank Beckwith*, for appellant, referred to the following authorities:

*Moran* v. *Brent*, 25 Gratt. 104; *White* v. *Mechanic's B. Asso.*, 22 Gratt. 234; *Smith et al.* v. *Flint*, 20 Gratt. 658; *Buchanan* v. *Clarke*, 10 Gratt. 164; *Coles' adm'r* v. *McRae*, 6 Rand. 644; 2 Rob. Pr., (old) 385; *Iaege* v. *Borsseux*, 15 Gratt. 84; *Wiley* v. *Mahood*, 10 W. Va. 206; *Douglass* v. *McChesney*, 2 Rand. 112; *Nelson* v. *Armstrong*, 5 Gratt. 354; *Marshall* v. *Thompson*, 2 Munf. 412; *Bullock* v. *Gordon*, 4 Munf. 450; Lee, Judge, in *Wise* v. *Lamb*, 9 Gratt. 302; Paul, Judge, in *Henry* v.

1877.
August Term.

Rohrer
v.
Travers, Trustee, et al

*Davis,* 7 W. Va. 719; *Fultz* v. *Davis,* 26 Gratt. 913; *Hogan* v. *Duke,* 20 Gratt. 244; *Pecks* v. *Chambers,* 8 W. Va. 210; *Kyle* v. *Tait's adm'r,* 6 Gratt. 44; *Tennent's heirs* v. *Patton,* 6 Leigh 196.

*Baylor & Wilson,* for appellees:

1st. There is no proof of usury, and so far as that question is concerned the injunction should have been dissolved, 9 Gratt. 294; 5 Call 537; 5 Leigh 197; 7 W. Va., 715.

2d. But admitting a dispute as to $383.00, no error to decree sale.    20 Gratt. 250.

3d. No error to direct sale on time.    Code, p. 629, sec. 1.

4th. This bill having been filed by debtor, praying a sale, the failure to give day, no error.    The decree is in answer to his prayer.    No injury shown.    23 Gratt. 851.

MOORE, JUDGE, delivered the opinion of the Court:

The appellant, Henry Rohrer, urges that the circuit court erred in directing a sale of the land in the bill and proceedings mentioned, without having first directed an inquiry to be made to ascertain the amount and priorities of the several liens upon said land; and argues that it was the right of the appellant "to have definitely ascertained the amounts of the liens upon his land, to the end that the court might not only know with certainty the amount of indebtedness, and thus be able to decree for the amounts actually due, but that the commissioner of sale might be informed, as far as was practicable by the decree, as to the quantity of land necessary to be sold for its satisfaction," and that, "without having fixed by a decree of the court the amount and the priorities of the several liens, was to sell under circumstances calculated to suppress competition in the bidding rather than promote it amongst the several lien holders." To state the proposition is to admit it; and that such has been the invariable rule and practice, both in Virginia and this

1877.
August Term.

Rohrer
v.
Travers, Trus-
tee, et al.

State, based upon the authority of repeated decisions, we need only to refer to *Moran* v. *Brent et al.*, 25 Gratt. 104-6; *Kendrick et al.* v. *Whitney*, Va. Law Journal, 491; and *Wiley* v. *Mahood*, 10 W. Va. 206, in which last case the Court held distinctly: "It is error to decree a sale of real estate until the liens thereon and their priorities are ascertained."

In this case the appellant filed his bill to enjoin Wm. H. Travers, as trustee, from making sale under a certain deed of trust, which appellant had made to said trustee, of certain land therein conveyed to secure money loaned to appellant by one Colin C. Porter, now deceased, alleging that he had borrowed from Porter, $7,650.00, on March 25, 1873, and executed his promissory note therefor to said Porter, payable April 1, 1874 for $8,500.00 he (Porter) being allowed and retaining in advance $850.00, as interest on this loan, for one year and six days' use of said money, or over *eleven per cent per annum* interest on the same. Which excess of interest, being in contravention of the law, amounted to about $383.00, and is a credit to that amount on the principal. The executors of Porter's estate answer, that having no knowledge of the truth of the allegation as made in the bill they deny the same, and call for strict proof; but they expressly aver that on said 25th day of March 1873 the appellant borrowed of said Porter $8,500.00, as evidenced by appellant's own promissory note, payable April 1, 1874, a copy of which they exhibit with their answer; they deny that the rate of interest was excessive or usurious, or that appellant was entitled to a credit of $383.00, or any other sum, as a credit upon his note to said Porter, and call for strict proof. The only testimony offered on this point, is the deposition of J. M. Buckey, offered by appellant, who testifies that early in the spring of 1873, Porter came out into witness' woods, where witness was engaged having some lumber sawed, on business connected with this sawing; that Porter remarked to him, "that Rohrer had gotten himself into a

1877.
August Term.

Rohrer
v.
Travers, Trustee, et al.

tight place, that is pecuniarily; and the day before he had loaned him $8,500.00; he said, he had done this reluctantly; Porter said Rohrer expected to get the money from a Mr. Claggett, but that Claggett had disappointed him. In order to save him, he loaned him the money at the rate of interest which he was to pay Claggett, which was *ten per cent*. I understood him to say, *per annum*. He said he did not care to loan his money in that way; he preferred putting it in bonds, but to accommodate Rohrer he let him have it." The trustee did not answer the bill.

Section 4, ch. 96, Code of W. Va. fixed the legal rate of interest at *six per centum*. Section five declares all contracts for the loan or forbearance of money at a a greater rate of interest than *six per cent* shall be void as to any excess of interest agreed to be paid above that rate, and no further. Section seventh authorizes any borrower of money "to exhibit a bill in equity against the lender, and compel him to discover upon oath the money really lent; and all bargains, contracts or shifts relative to such loan, and the interest or consideration of the same; and if it appear that more than lawful interest was reserved, the lender shall recover his principal money with *six per cent* interest only; but shall recover no costs. If property has been conveyed to secure the payment of the debt, and a sale thereof is about to be made, or is apprehended, an injunction may be awarded to prevent such sale pending the suit."

Therefore, if it be true that the appellant entered into a contract with Porter for a loan of money at a greater rate of interest than *six per cent*, that contract is void as to the amount of the *excess* and the executors cannot recover any more than the lender, Porter, could have recovered, viz: the principal money with *six per cent* interest only and no costs. Now the appellant, seeing fit to avail himself of that statutory advantage in his contract, alleges that the principal sum loaned him by Porter was only $7,650.00; and for that amount and the use

1877.
August Term.

Rohrer
v.
Travers, Trustee, *et al.*

thereof for one year and six days, he gave to Porter his promissory note for $8,500.00, the payment of which was secured by the deed of trust, under which the trustee, Travers, was attempting to sell the land conveyed thereby. Porter being dead, his executors answer the best they can, that they know nothing of the circumstances of the transaction, and therefore deny the allegations relative thereto, and call for strict proof thereof, but file, as an exhibit with their answer, a copy of a note executed by appellant in favor of Porter for $8,500.00, corresponding in date and time of duration before maturity with the note which appellant claims to have made. The note does not call for interest from date; it does not even designate the *per cent* to to be paid. It is not reasonable to suppose that $8,500.00 was loaned to the appellant for one year and six days without interest; but it is more consistent with the usage of commerce, and the custom as applicable to loans, to include the interest or discount in the amount represented by the note, and that is usually done when the note is silent as to interest. Porter's lips cannot speak, being dead, but his declarations whilst living are given by the witness, Buckey, that the money was loaned at the rate of *ten per cent.* It is true, Buckey. states that Porter said he had loaned appellant $8,500.00, thus apparently contradicting the sum alleged by Rohrer himself. Be that as it may, it is an unsettled question whether it was $7,650.00 or $8,500.00 that was actually loaned; and the question of usury remains also unsettled, as appears from the decree itself, which, after adjudicating the sale of the land to pay the Locke claim and "the sum of $8,500.00 with interest thereon from the 1st day of April 1874, due to Edward Tearney and W. L. Wilson, executors of Colin C. Porter, deceased, which is the money in dispute, directs a commissioner " to inquire and report what amounts have been paid as interest upon the said debts, and whether said payment was in excess of legal interest, stating the amount of said excess, and any other matters touching this inquiry which he may deem

1877.
August Term.

Rohrer
v.
Travers, Trustee, et al.

pertinent, or any of the parties may require him to report."

No doubt the learned Judge intended that the commissioner should ascertain that matter before sale was made of the land, and was of the impression that the decree so stated, it being no doubt a clerical omission; but nevertheless it was error to direct the sale of the land, although unquestionably chargeable in equity, for the payment of the debt until the amount of the debt was ascertained. *Smith et al.* v. *Flint &c.*, 6 Gratt. 40–2.

The bill alleges that there was at the time of making said deed a prior lien existing on said land by virtue of the *eleventh clause* of the will of W. F. Locke, deceased, which is exhibited as a part of the bill that the "whole of said lien has been long since satisfied, except the $2,000.00 to be paid after the death of Rachel Locke, and a part of this $2,000.00 which is now due she having died, has also been paid, although most of it remains unpaid." The executors of Porter and the executors of said Locke admit in their respective answers the existence of the said lien of $2,000.00, under said will, "to be paid in two installments of $1,000.00 each, in one and two years respectively from the date of the death of Rachel Locke, wife of the deceased William, with interest from said date, the interest during her life to be paid to the said Rachel," that the "said Rachel Locke departed this life on the 1st day of March 1873, that prior to her death the interest on the said $2,000.00 had been paid to the 1st day of November 1872; that the said Rohrer on the 3d day of February 1874, paid to the defendants, Locke's executors, as aforesaid, the sum of $300.00, in full of the interest on the said $2,000.00, to the date of the death of said Rachel Locke, amounting to $50.00 of interest, and the residue as a payment on the first installment of $1,000.00;" and that both installments are now due and payable to Locke's executors.

The decree indicates that there was a general replication to these answers. Whilst it may be true that the

1877.
August Term.

Rohrer
v.
Travers, Trustee, *et al.*

answers state correctly the payments made by said Rohrer on said lien; yet it is possible other payments may have been made, and as the appellant in his bill prayed the court to refer the matter to a commissioner of the court to ascertain the liens on said land, especially the said Locke lien, before decreeing a sale of the land, it being clearly his right for the reason and upon the authority before stated, it was error in the court not to have done so before decreeing such sale.

But it is urged by the appellees, that admitting there is a dispute as to the $383.00, yet under the pleadings and proofs, it was not error to decree the sale before reference to a commisioner to ascertain the amount due. Upon the principles adjudged in *Hogan* v. *Duke,* 20 Gratt. 250 I thought at first the point was well made, notwithstanding the authorities before cited; but after a more critical examination I have come to the conclusion for the reasons before given, that unlike the cause of *Hogan* v. *Duke et al.* the pleadings and proof in this cause show *prima facie* at least, that the appellant is entitled to a credit of $383.00 for excess of interest, thus affording a ground of equitable relief relied on in the bill; therefore the court should have first ascertained, whether such or any excess of interest existed before decreeing the sale.

· The appellant insists that it was error to refer the cause to a commissioner to determine the question of usury, but that an issue out of chancery should have been directed to try the question of usury. I apprehend not, had it been done before an order of sale. If the court has enough before it, so as to determine from the pleadings and proofs, or from the pleadings alone, the question of usury, and to be able to ascertain the amount of the lien debts and their priorities, it may do so without the reference even to a commissioner; but if there is not sufficient proof fully to determine the amount of the lien debts and their priorities, it should be referred to a commissioner to ascertain them. If there be no conflict

1877.
August Term.

Rohrer
v.
Travers, Trus-
tee, et al.

between different portions of the evidence, no ambiguity or uncertainty in it, but a simple failure to prove material facts, it is improper to direct an issue. *Pryor* v. *Adams*, 1 Call 332. *Reed* v. *Cline's heirs*, 9 Gratt. 136. But if the testimony is of so vague and indefinite a character, or so conflicting and contradictory that the court can not satisfactorily determine the question of usury, it of course should exercise the wise discretion of directing an issue out of chancery to determine the question, instead of referring it to a commissioner. The court is not bound to send an issue to a jury; in its sound discretion and for its convenience it may do so, but if it considers an issue unnecessary, and deems it proper that the case ought to go to a commissioner instead of a jury, it should so direct. Such I consider fairly deducible from *Grigsby* v. *Weaver*, 5 Leigh 197. *Samuels* v. *Marshall, &c.*, 3 Leigh 567. But the discretion in awarding an issue is to be exercised on sound principles of reason and justice, of which the appellate court will judge *Stanard* v. *Graves et al.*, 2 Call. 369; *Beverly* v. *Walden*, 20 Gratt. 147. Under the law as it now stands there is no forfeiture of principal, but merely of the excess of interest, which is a mere calculation from the evidence, and in this case there is no conflict of evidence on that point. The appellant intimates that there is another witness whose testimony might throw light upon the transaction, and an issue should be directed for the purpose of hearing the testimony before making a final order in the case. It may be replied to that position, that the same testimony could be brought before the commissioner. I do not see the necessity now of an issue; it may eventually become necessary to satisfy the mind of the court.

It is urged that the court erred, in directing the "commissioner to sell the real estate in the bill and proceedings mentioned or so much as shall be requisite to satisfy the said liens." Upon that point appellant argues that, "the court by its decree had taken possession of the

1877.
August Term.

Rohrer
v.
Travers, Trustee, *et al.*

debtor's land, for the purpose of subjecting it to the payment of certain of his debts, and the sale when made, if made under the decree of November 18, 1875, will be a sale, not by the trustee, but a sale by the court itself through its commissioner; and the court should therefore have either determined by its decree the exact number of acres to be sold, or it should have referred the cause to a commissoiner to ascertain and report how much would be necessary to pay the liens before the sale was decreed.

I do not think this objection to the decree tenable. If the trustee had been permitted to have proceeded with his sale under the trust, it would have been the duty of the trustee not to have sold more of the trust subject, than the purposes of the trust required, unless the interest of the owner demanded it, or he requested it. But it is not to be understood, " that he must sell precisely so.much as may be sufficient to satisfy the purposes of the trust and no more. It may be difficult, or impossible to do this ; and it may in fact be a breach of trust to do it. He cannot so divide and sell the land as to do unnecessary injury to the owner. He is the agent of both parties, and must consult and respect the rights of both. The sale of a part of a tract of land may injuriously effect the sale or value of the balance ; and it may be the duty of the trustee to sell the whole tract, or more of it than is required for the purposes of the trust." * * * * * * *Michie* v. *Jeffries et al.* 21 Gratt. 334; *White* v. *Mech. B. F. A.*, 22 Gratt. 234. If it becomes necessary the trustee may apply to a court of equity for its aid in that respect; or the debtor may do so. (*Id.*) The trustee in executing the trust is limited by the terms of the deed. And when a court of equity is called upon for its aid in carrying out the trust, it will adhere to the requisitions of the deed, so far as the same can be done consistently with the equity and justice of the case and the rights of the parties; otherwise it would be enforcing or dictating mat-

1877.
August Term.

Rohrer
v.
Travers, Trus-
tee, et al.

ters not in the contract, and would be virtually making a new contract without the consent of the parties. But the object of the appellant's bill, in this case, is not simply to enforce the trust according to the deed, but, as the prayer of the bill indicates, to enjoin the execution of the trust under the deed, and have it reformed, and have all the liens on the land and their priorities ascertained, and for the appointment of commissioners to value the land, and lay off in a manner most advantageous, (to the appellant) a sufficiency of this land to pay off said debt when the same is sold, and that the residue thereof remain unsold;" and for general relief.

In his bill, he admits that before making the deed of trust he had conveyed away to other parties two parcels of the land; and avers the existence of a prior lien of about $2,000.00, which he never mentioned in the said trust deed; and avers his connivance at usury; and asks the court of equity to relieve him therefrom; and thus he has induced a court of equity to take jurisdiction of the whole subject, not merely the execution of the trust; and having that jurisdiction, it is authorized to sell the land on such terms, as to it may seem right for the satis-. faction of all the liens, without reference to the terms of the trust deed, or the statute in regard to the sale of trust property where the deed is silent. "A court, in a suit properly therein, may make a decree or order for the sale of property in any part of the State, and may direct the sale to be for cash, or on such credit and terms as it may deem best; and it may appoint a special commissioner to make such sale." Code, p. 629, chapter 132, section 1. Hence the court acting under that statutory discretion appointed a commissioner for the purpose, and decreed the sale of only such land by the commissioner, as the appellant admitted in his bill was subject to the liens, "or so much as shall be requisite to satisfy the said liens," at public auction, before the court house door, "for one-third cash, one-third on a credit of twelve months, and the residue on a credit of two

1877.
August Term.

Rohrer
v.
Travers, Trustee, *et al.*

years from the day of sale, the credit installments to bear interest from the day of sale, taking from the purchaser or purchasers bonds for the deferred payments, secured by deed of trust on the said realty. And the said commissioner is authorized to employ the services of a surveyor to make any division of the said property necessary or proper to be made for the purposes of the sale."

This was virtually decreeing according to the prayer of the bill, and instead of being to the prejudice of the appellant, it was to his advantage. It seems to me he has no cause of complaint on that score, and the decree in that respect is within the statutory discretion of the court, and not erroneous.

It was error to decree the sale of the land without giving the debtor a day in which to redeem it, by paying up the amount charged upon it. *Pecks* v. *Chambers*, 8 W. Va. 210; *Wiley* v. *Mahood*, 10 W. Va. 206.

I am therefore of opinion, that notwithstanding the decree is in the main not really prejudicial to the appellant, yet in conformity with the adjudications of both this State and Virginia the decree must be reversed with costs.

The Court is of opinion, for reasons stated in writing and filed with the record, that the said decree is erroneous. Therefore it is decreed and ordered that the same be reversed and annulled, and that the appellees, the executors of the estate of Colin C. Porter, deceased, do out of the assets of said estate in their hands to be administered, pay to the appellant his costs by him expended in the prosecution of his appeal aforesaid here; and this Court proceeding to pronounce such decree as the said circuit court ought to have rendered, it is further decreed and ordered that the cause be remanded to the said circuit court of the county of Jefferson, to be further proceeded in according to the principles stated in this opinion, and the rules governing courts of equity.

DECREE REVERSED and cause remanded.