# CHARLESTON.

WATTERSON v. MILLER, et al.

Submitted January 14, 1896—Decided April 4, 1896.

1. DEED OF TRUST—SALE—ERROR.
   Where a court orders a trustee to sell land under a deed of trust, it is not reversible error to omit to give a day to redeem, or to require bond of the trustee before sale, in a case of an injunction by the debtor to restrain a sale by a trustee, no other creditor being involved.

2. DEED OF TRUST—SALE—INJUNCTION—USURY.
   In a case of a pure injunction to restrain a trustee from selling land under a deed of trust to secure a debt, on the ground of usury, where it appears that there is no usury in the debt, the injunction should be dissolved and the bill dismissed, so that the creditor may enforce his right under the trust, no other creditors being interested in the case.

W. R. GUNN and GEO. POFFENBARGER for appellant, cited Code, c. 96, s. 7; 27 Am. & Eng. Enc. Law, 967; 24 W. Va. 674; 26 Am. & Eng. Enc. Law, 860, n. 1; 2 Bart. Ch. Prac. 1067; 3 Munf. 66; 11 Leigh, 294; 11 W. Va. 122, 146; 10 W. Va. 206; 8 W. Va. 210; 6 Gratt. 44; 27 W. Va. 677; 26 W. Va. 686.

TOMLINSON & WILEY for appellees, cited Code, c. 72, s. 6; 33 Gratt. 685; 20 Gratt. 244; 21 Gratt. 334; 11 W. Va. 122; 1 High, Inj. §§ 452, 479, 658; 12 W. Va. 682; 35 W. Va. 458; 2 High, Inj. (Ed. 1880) § 1116; 2 Munf. 407; 6 W. Va. 101; 11 Conn. 51.

BRANNON, JUDGE:

Watterson filed in the Circuit Court of Mason county a bill, under section 7, chapter 96, of the Code, against Miller and Wiley, to enjoin, on the ground of usury, a sale of land which Wiley, as trustee, was about to make under a deed of trust made by Watterson to secure a debt to Miller; and

the result was a decree against Watterson for the debt, and directing a sale of the land according to the terms and conditions of the trust, and Watterson appeals.

One assignment of error by Watterson is that the decree does not give the debtor a day in which to redeem the land from sale. That is a technical rule which requires a court to give a day to redeem before sale, in addition to the time required for notice of sale. It ought not to be applied to sales under trust deeds, as a trust deed is essentially a contract, and it provides, or the law provides, for a sale on failure of payment, without day for redemption. The court has no right to give indulgence when the parties have provided against it, as it violates a contract. Can the court give half a years' indulgence? That might greatly injure the creditor. The time he gave is out. Can you enforce further indulgence? You can not fix terms of sale giving longer credit than the deed of trust gives, unless, perhaps, where older liens are involved in the decree. *Wood* v. *Krebbs*, 33 Gratt. 685; Bart. Ch. Prac. 1065. The cases in this state were cases of sales for judgment or vendor's liens, except *Rohrer* v. *Travers*, 11 W. Va. 146, which involved a deed of trust, and also other liens.

Another error assigned is that the decree required no bond of the trustee before sale. This decree simply directed the trustee to sell under the trust, according to its provisions. Chapter 72, section 6, Code 1891, gives the debtor the right to demand bond of the trustee before sale. He may demand or waive it. Watterson could have asked the court to require it, but did not. When one can either require or waive a provision made for his benefit, and does not require it, he waives. The court is not to elect for him. Though the court directed a sale, it did only that which the deed of trust already empowered the trustee to do. It is, even under the decree, in effect but a sale under the deed of trust. The provision in section 1, chapter 132, Code, requiring bond of special commissioners, in terms applies to them, as they derive their only power from the decree; but here the parties, both debtor and creditor, have themselves conferred power on the trustee, and he acts under that power. No other debt than the one se-

cured by the trust was involved. This bond requirement is intended for the benefit not only of the debtor under the decree, but also the creditors. Where there are other creditors in addition to the deed of trust creditor provided for in a decree, a bond would be proper, as other creditors have not entered into the trust contract. So Watterson's appeal is not tenable.

Miller cross-assigns error. He contends that the bill is not sufficient to warrant an injunction. I think it is sufficient—barely so; but, as the injunction has been, in effect, dissolved by a decree directing the trustee to sell, I do not regard the question important. Miller complains that a motion to dissolve the injunction was overruled. When this motion was heard, it was clear that the allegation of usury had not been sustained. Watterson's bill admitted that he had borrowed fully three thousand dollars, and the notes and trust deed called for only the sum really lent, with lawful interest. True, Watterson made an oral promise to pay two *per cent.* more, but that was outside the papers under which the sale was to be made. All payments had been credited on the notes, and nothing was applied to illegal interest. Watterson did execute to Miller a note for fifty dollars illegal interest, but that was no lien on the land, and the sale was not to be made for it, as the sale notice stated that the notes were for three thousand dollars, and that sale would be made for whatever sum was due on the notes at six *per cent*, after deducting all payments, and Miller's answer renounced all right to more than six *per cent.* The proof showed just what payments had been made. The charge of usury, so far as it affected the amount for which the sale was to be made, was wholly unsustained, and the amount a mere matter of calculation of debt, with the few partial payments. There was no claim by Watterson—could be none—that any credits had not been given. Why keep Miller in court against his will, and delay him of the remedy for the collection of the debt chosen by the parties when the trust was made, and one valid under the law ? The court made a reference to ascertain the number of payments, and the balance due, instead of dissolving, no other rights being involved. "Where

preliminary injunctions are granted to restrain the enforce-
ment of deeds of trust, on the ground that the contract to
secure which they were given were usurious, the relief is
continued only until the question of usury can be determined.
If the validity of the contract is established, the injunction
will be dissolved." High, Inj. § 1116; *Marks* v. *Morris*, 2
Munf. 407. The ground of injunction was unsustained,
and that, on general principles, was cause for dissolution,
and it was error to refuse to dissolve and refer it to a com-
missioner. *Arbuckle* v. *McClanahan*, 6 W. Va. 101. And,
at any rate, when later the commissioner reported the
amount due, and the court fixed it in its decree, it should
have dismissed the bill, and left Miller the right to assert
his rights under the deed of trust, because it was that
adopted by the parties. The case was purely a bill of in-
junction, not one in which the jurisdiction of the court was
involved, or was necessary, to administer the rights of par-
ties under the trust, and other lienors prior or subsequent
to the trust. No other debt was involved. It may be
asked, why not sell under the decree? The answer is that
this would keep Miller in court to encounter subsequent
litigation and expense, perhaps, in controversy touching
the sale; and, furthermore, he is entitled to the remedy
given by law under the trust, there being no reason to
deny it, to protect either Watterson or other creditors.
Miller was brought into court against his will, and, no
reason for detaining him there appearing, he had right to
be thence dismissed; and he now, in this Court, asks that
the bill be dismissed, and its dismissal can not injure his
adversary.

The decree is affirmed, and, Miller asking it, the injunc-
tion awarded plaintiff is dissolved, and the bill dismissed;
leaving Miller the right to enforce his deed of trust for the
sum fixed by said decree, according to law.