. CHARLESTON

WASHINGTON  NATIONAL  BUILDING  &  LOAN  ASSOCIATION
*v.*  BUSER *et al.*

Submitted February 13, 1907.   Decided March 26, 1907.

1.   TRUSTS—*Bill to  Enforce— Sufficiency.*

A bill by a trust creditor against the debtor and  the trustees, to ascertain the amount of his debt and to have the real estate conveyed sold to satisfy his debt, and which alleges that the

debtor disputes the amount of the debt, and that by reason thereof, the trustees fail and refuse to act, ·is good upon demurrer. (p. 591.)

2. SAME.

In such a case the court may, after decreeing the amount due, retain the cause and administer the trust, either through the old or new trustees appointed by it or through its own commissioners. (p. 591.)

3. CORPORATIONS—*Bill in Equity—Authentication.*

A bill by a corporation, signed by counsel, is sufficiently authenticated, and need not be sealed with the corporate seal. (p. 594.)

Appeal from Circuit Court, Tucker County.

Bill by the Washington National Building & Loan Association against Samuel Buser and others.   Decree for defendants, and plaintiff appeals.

*Reversed.   Remanded.*

FOREST W. BROWN, for appellant.

R. D. HEIRONIMUS, for appellee.

MILLER, JUDGE:

The plaintiff declining to amend its bill in this case, it was adjudged by the circuit court not to be sufficient in law and was dismissed, and the plaintiff appeals.   The bill was filed in April, 1906, by the building association against Samuel Buser and Julia, his wife, and Josiah C. Stoddard and Addison G. DuBois, trustees, for the purpose of foreclosing the equity of redemption in the deed of trust executed by Buser and wife to the defendant trustees June 1, 1895, to secure the re-payment of an advance of $500 upon five shares of stock of said association subscribed for by Buser.

By the provisions of said trust and the constitution and by-laws of the association, Buser was required to pay monthly the sum of sixty cents per share on each share of stock for dues, fifty cents per share for interest, and fifty cents by way of premium thereon for the first year, and each year thereafter ten per cent thereof less than the next preceding year; and there are provisions for the payment of insurance, taxes and the like by Buser, or in default of payment by him it

is stipulated that the association shall pay such insurance, taxes, etc., to be charged to the account of Buser and cov ered also by the security of said deed of trust; and for the default or failure on the part of Buser for six months in the performance, in whole or in part, of these stipulations and conditions in the bond recited therein and the deed of trust aforesaid, it is provided that the credits given on said advancement should cease and determine, and that the advancement and the interest thereon and monthly dues and fines for the non-payment, including taxes, assessments, insurance, premiums, costs, charges and expenses, with interest thereon, due and unpaid by said association or arising, incurred or expended in or about the protection or execution of said trust, should at once become due and payable, and that said trustees, their survivor, heirs or assigns, or the trustee acting, and requested by the association, should sell the property conveyed, for the purpose of paying, first, the expenses of executing the trust, and after these to pay whatever sum or sums of money might be found owing under the terms and conditions of the bond aforesaid, upon an account to be stated by the secretary of said association to the date of sale, whether the same should then have matured or not, and, lastly, to pay the surplus, if any, to the grantors,

As grounds for invoking the jurisdiction of a court of equity, the plaintiff alleges that the defendant Buser complied with the terms of this advance up to and including the first day of May, 1902, but has since then refused to make any further payments of interest and is now in default in the performance of the conditions for more than six months, and was indebted to the association on the 20th day of March, 1906, $362.12; that frequent demands have been made upon him for payment, but he has declined to pay or settle, and disputes the amount due by reason of his said obligation; that the trustees mentioned as defendants have each failed and refused to execute the trust, without first resorting to a court of equity to ascertain the amount due; and that this dispute does not relate to the amount of money the defendant has paid, but grows out of a misapprehension of the law relating to building associations in the State of West Virginia. From the exhibits with the bill, it appears

that J. C. Stoddard, one of the trustees, was secretary of the plaintiff, as well as one of the managers and stockholders; and it is claimed that he can not refuse to act as trustee, as the bill alleges.

The grounds of demurrer alleged are: want of equity; that the suit was not authorized by the association, and the bill is not under the seal of the corporation; that the trustees can not refuse to act; and that there, is nothing to show there is any difference as to the amount claimed by the association and that claimed to be due by the defendants.

As upon demurrer every fact well pleaded is taken to be true, we must accept this fact: that there is a dispute or controversy between the association and the defendant Buser as to the amount in which he is indebted to the association, and that the trustees named as defendants in the bill, because of such dispute, do fail and refuse to execute the trust. Refusing to act necessarily implies a demand upon them to do so. While the bill alleges there is no dispute as to the amount of money that has been paid by the defendant, yet it does distinctly allege that there is dispute and disagreement about the amount that is due by reason of the defendant's obligation, arising from a misapprehension on defendant's part of the law relating to building associations in the state of West Virginia. To what particular provision of the law the controversy relates the bill does not state; but we see from the bill that the account between the parties covers a period of seven years or more, and we do know that controversies do frequently arise between building associations and stockholders relating to the proper application of dues, interest, premium, etc., and the proper application thereof in the repayment of advances. The pleader states there is such a controversy. The plaintiff may not know so as to precisely state the claims of the defendants, and the trustees may not know; and we think the bill is in this respect sufficiently particular to call upon the defendants to set up their claim. A controversy being thus presented as to the status of the account, and the trustees declining to act on this account, it seems clear that the bill presents proper grounds for the intervention of a court of equity at the suit of the association.

It is no ground of demurrer that the bill is not under the seal of the corporation. If signed by counsel, it has always been regarded as sufficient in practice, and if not signed the court will permit counsel to sign. Hogg's Eq. Prac., section 107; *Moundsville* v. *O. R. R. Co.*, 37 W. Va. 92, 95,

The fact that one of the trustees is the secretary and a stockholder of the corporation, and that the other may be also, is rather a cause for the intervention of a court of equity than otherwise; for in case of a dispute between the borrower and lender trustees so situated would naturally be in a position so as not to be able to act with entire impartiality. But it is said that the statute, section 5, chapter 132 Code, makes provision whereby, upon motion in the circuit court, other trustees may be appointed in the place of those who refuse to act. This is true; but while this statute provides a cumulative remedy for substituting trustees, it provides no remedy for settling the disputed account, for it has been held by this Court that upon such motion it is not contemplated that the court should proceed to settle such disputes. *Machir* v. *Sehon*, 14 W. Va. 777. As this Court said in *Hartman* v. *Evans*, 38 W. Va. 678, 679: "Trusts are especially the subject of equitable supervision, and courts of equity are always open, at the instance of the *cestui que trust*, to compel trustees to perform their duties." And, following *Rossett* v. *Fisher*, 11 Grat. 498, the court at the same place says that it is the duty of the trustee, who is the agent of both parties and is bound to act impartially, of his own motion to apply to a court of equity, for his own sake as well as for the interests of those concerned, to remove the impediment and direct his conduct, and if he should fail the party injured by his default would have the right to do so. While it is true, as said by Mr. Hogg, Eq. Prin. section 486, that, as a general rule, equity will not take jurisdiction of a suit brought to enforce the lien of a trust deed, when there is nothing in any manner to prevent a free and fair sale by the trustee in the mode prescribed by law; yet it is equally true, as the authorities he cites in the foot-note hold, that, where there is any such impediment or there is an unadjusted account, it is the duty of the trustee of his own motion to remove all such impediments, and if he shall

fail to do so the creditor may file a bill in equity for that purpose.

In *Shurtz* v. *Johnson*, 28 Grat. 661, uncertainty as to the amounts of the debts secured is given as one of the reasons for equitable interference. In *Hartman* v. *Evans*, *supra*, the Court says that in deeds of trust, and especially those of long standing, where the amount due and to be raised by sale is uncertain, the trustee, who is the agent of both parties and is bound to act impartially, may of his own motion apply to a court of equity for his own sake, as well as for the interests of those concerned, to remove the impediment and direct his conduct. In *Hogan* v. *Duke*, 20 Grat. 244, it. is held to be improper for a trustee in a deed to secure a debt to make a sale, so long as it remains uncertain what amount is due on account of the debt, and if he fails to do so the debtor or the creditor can file a bill for this purpose, and that it is proper in such cases, where the trustee is disqualified by bankruptcy or otherwise, to retain the cause and administer the trust.

Under the circumstances of this case, and in view of the fact that the trustees or one of them is an officer of the plaintiff corporation, and necessarily can not be the impartial agent of both parties, it would seem especially proper that a court of equity should enforce this trust under its own direction, either through the trustee named in the deed or by its own commissioners.   In 2 Beach on Trusts & Trustees, section 660, that writer says:   "The equitable remedy of foreclosure is not barred or in any manner disturbed by a power of sale.   The power of sale in mortgages and trust deeds is not regarded by courts of equity with favor. Though this power is upheld, where it is not prohibited by statute, foreclosure in chancery is encouraged."   And in the same section, page 1517, this writer says:   "The power of sale contained in the mortgage is a mere cumulative remedy, and does not in the least affect the right to foreclose in chancery.   It does not in the least change the character of the instrument as a mortgage, because the mortgagee is a trustee for himself and other parties."

In *Reynolds* v. *Bank*, 6 Grat. 179.   Judge Baldwin says: " It is a rule of equity that a trust shall never fail for want of a trustee, and therefore if the trustee dies, or refuses to

accept the trust, or is incapable of performing it, a court of equity will give to the *cestui que trust* the proper relief, either by executing the trust or appointing a trustee for that purpose;" and in such case, says Judge Baldwin, "the usual course of the court is to treat the security as it would a mortgage, and cause a sale to be made of the trust property by a commissioner appointed for the purpose, and acting under its direction and control; and to dispose of the proceeds by its decree according to the rights of the parties. And it would be difficult to conceive a case of the kind where the *cestui que trust* comes before the court with proper parties to his bill, in which it would be error to proceed in that mode, instead of merely appointing a trustee, and dismissing the subject to his individual judgment and discretion." The second point of the syllabus in this case is: "In such case it is error simply to appoint trustees in the place of those named in the deed; but the court should have the trust administered under its own supervision and control." The case of *Waterson* v. *Miller*, 42 W. Va. 108, was an injunction proceeding by a debtor to enjoin sale under a deed of trust, on the ground that there was usury in the debt. The case developed the fact that there was in fact no usury, and at the request of the creditor the injunction was dissolved, and he was permitted to enforce his rights under the deed of trust, but not until the court by its decree had fixed the amount.

We think the bill was good on demurrer, and that the court below erred in sustaining the demurrer. We therefore reverse the decree, and remand the cause to the circuit court for further proceedings to be had therein, in accordance herewith and according to the rules governing courts of equity.

*Reversed.    Remanded.*