# CHARLESTON.

LINDSAY, ADM'R. v. EICHELBERGER *et al.*

Submitted September 9, 1911.    Decided March 18, 1913.

MORTGAGES—*Deed of Trust—Compensation of Trustee.*
>    .If a trustee in a deed of trust to secure a debt, fixing his compensation for executing the trust at five per cent. commissions, performs no services as such trustee until the trust deed debtor dies, and a suit is brought to sell his land and settle up his estate, and the trustee is appointed, by the court, a commissioner to sell, and as such makes sale of the land embraced in the deed of trust he is only entitled to the compensation allowed by section 3, chapter 132, Code (1906).

Appeal from Circuit Court, Berkeley County.

Suit by Ward B. Lindsay, administrator, etc., against T. Flagg Eichelberger and others.  From the decree, D. W. Snyder, Jr., and others appeal.

*Affirmed.*

*H. H. Emmert* and *D. W. Snyder, Jr.,* for appellants.

WILLIAMS, JUDGE:

The personal estate of R. S. Eichelberger, deceased, being insufficient to pay his debts, this suit was instituted by his administrator, *de bonis non,* for the purpose of selling the realty. There were four tracts of land on each of which there was an outstanding deed of trust, each providing for a commission to the trustee of five per cent. for services in executing the trust.  The land was decreed to be sold, and D. W. Snyder and H. H. Emmert were appointed "special commissioners and substituted trustees" to make sale.  Sale was made and confirmed; and the cause was referred to a master commissioner to make distribution of the funds.  The commissioner allowed five per cent. commissions on the whole price realized for the land, making the commission amount to $697.90, and the court, on its own motion, overruled the commissioner's report, allowing five per cent. on the first $300 and two per cent. on the residue, according to sec. 3, ch. 132, Code, (1906), thus reducing the amount of commissions to $288.16; and the special commissioners have appealed.

Snyder was the trustee in three of the deeds of trust, and plaintiff, Wash B. Lindsay and X. Poole were the trustees in the other.

The sole question in the case is, did the court err in fixing the rate of Commission according to the statute, instead of at the rate provided for in the deeds of trust?

It does not appear that the trustees performed any services in the execution of the trust until after they were appointed as commissioners of the court to make sale. The court had acquired jurisdiction over the subject matter, and they could not hereafter have proceeded to execute the trust without the direction of the court. They gave bond as such commissioners, and what they did thereafter, they did as court officers. It was the court, and not they in the capacity of trustees, who was then administering the trust, and the chancellor had the discretion to fix their compensation according to the statute. By failing to execute the trust before suit was brought, they lost their right to demand the compensation fixed by the terms of the trust deeds, and by accepting the office of commissioners of court they are estopped to claim a greater compensation for their services as such than is allowed by law. It is immaterial that the decree appoints them "commissioners and substituted trustees;" they sold as special commissioners, and can only claim compensation as such. The two cases relied on by appellants' counsel, *Southern Ry. Co.* v. *Glenn's Adm'r.,* 98 Va. 309, 36 S. E. 395; and *Murray* v. *C. & O. Ry. Co.,* 27 Grat. 698, do not sustain their contention. Decree affirmed.

*Affirmed.*