# CHARLESTON.

Sulzberger & Sons Company v. Fairmont Packing Company *et al*

Submitted April 28, 1920.    Decided May 4, 1920.

1. Mortgages—*Pending Creditor's Suit, no Sale to be Made by Trustee in Deed of Trust Before Decree Adjudging Liens and Priorities.*

The rule of practice established by the decisions of this court is, that after the institution of a judgment creditors' suit, there should be no decree of sale by a trustee in a deed of trust in advance of a report and decree adjudging the liens and their priorities, even though such deed of trust constitutes the first lien on the property being proceeded against. (p. 364).

2.  Same—*Court Decreeing Sale Should not Award Commissions to Trustee in Deed of Trust in Excess of Statutory Rate.*

Without some special showing on the record justifying it, the court in decreeing a sale of land by a commissioner or trustee in a deed of trust should not award commissions to the commissioner or trustee in excess of the rate prescribed by section 6 of chapter 72, or section 3 of chapter 132 of the Code. (p. 365).

3.  Appeal and Error—*Decree or Order not Appealed from Will not be Reviewed.*

This court will not review or reverse a decree or order of the circuit court, or any part thereof, not appealed from.   (p. 366).

(Lynch, Judge, absent).

Appeal from Circuit Court, Marion County.

Suit by the Sulzberger & Sons Company against the Fairmont Packing Company, Charles Powell, trustee, and three others, with appearance by Powell, trustee, asking leave to file answer, and appearance by the National Bank of Fairmont, not made a party, and which, together with Powell, trustee, asked leave to file a joint and several petition for a sale under a deed of trust, and in which other parties were brought as defendants.   On Commissioner's report there was a decree appointing plaintiff's attorney commissioner to make sale of the property and by order such decree was confirmed, exceptions by the Fairmont Packing Company and the National Bank of Fairmont overruled, and they and Charles Powell, trustee, appeal.

*Reversed in part.   Affirmed in part.*

*Charles Powell,* for appellants.
*Henry S. Lively,* for appellee.

Miller, Judge:

Plaintiff, a judgment creditor of the Fairmont Packing Company in the sum of $426.00, brought its suit to December rules, 1916, to subject to sale the real estate of the defendant company, to satisfy the liens and judgments thereon as set forth in the bill, making defendants the Fairmont Packing Company, the Wise Packing Company, Charles Powell, Trustee, the Monongahela Valley Traction Company, and the Bernard-Gloekler Company.   To this bill the defendant Charles Powell, Trustee,

with the National Bank of Fairmont, not made a party, appeared, the former tendering and asking leave to file his answer, and both Powell and the bank tendering and asking leave to file their joint and several petition, in which petitioners sought to have entered an order permitting and directing the defendant Powell, Trustee, to sell the real estate of said Fairmont Packing Company under the deed of trust described in the bill, as constituting the first lien upon said real estate, under the direction and supervision of the court, to satisfy the debt secured thereby, represented by notes, the principal one whereof for $30,000.00 with interest to the date of the report of the commissioner amounted to $30,975.00, the other notes secured thereby being one for $4,500.00, another for $2,000.00, and another for $1,500.00, being held by creditors other than the plaintiff, and which were reported and decreed in their favor during the progress of the suit.

The answer and petition of Powell, Trustee, and of the bank, disclosing that other parties interested had not been made parties to the suit, plaintiff by an amended and supplemental bill also brought them into the suit as defendants; and without further action on the prayer of the petitioners to allow said Powell, Trustee, to execute said deed of trust according to its terms under the supervision of the court, the cause was referred to a commissioner to report what property the Fairmont Packing Company owned that was liable to its debts and the liens thereon; and upon the incoming of the report of the commissioner the court below, on July 3, 1918, pronounced one of the decrees now complained of, and ignoring the claims of Powell, Trustee, and of the creditors secured by said deed of trust, appointed the attorney for the plaintiff, Sulzberger & Sons Company, commissioner to make sale of the property, who pursuant thereto made sale thereof to one M. A. Jolliff, a creditor and also one of the endorsers on the notes secured by said deed of trust, at the price of $11,000.00, and who subsequently reported said sale to the court, which by order of November 18, 1918, the other decree complained of, was confirmed, and which thereby also overruled the exceptions of the Fairmont Packing Company and the National Bank of Fairmont to said report of sale, wherein said commissioner took credit for commissions

of ten percent on the first three hundred dollars and five percent on the residue of the purchase price, amounting to $565.00, a sum in excess of the statutory rate of five percent on the first three hundred dollars and two percent on the residue, which would have aggregated $229.00, and decreed to the said commissioner the full sum of $565.00 to be taxed as costs of the suit, together with $16.50 for publishing the notice of sale, $5.00 for making deed to the purchaser, and $11.00 for revenue stamps on said deed, which costs together with the other costs taxed by the clerk, $169.08, amounted to $766.58, which the court adjudged should be paid out of the purchase money for said property, and decreed that the residue thereof should be distributed pro rata to the creditors secured by said deed of trust, such sum not being sufficient to pay as much as one-third of the amount due and decreed to them.

The appellants here are the Fairmont Packing Company, the National Bank of Fairmont, and Charles Powell, Trustee. The first assignment of error is that the court below should have granted the prayer of appellants' petition to allow Powell, Trustee, to make sale of the property under the supervision of the court. It has been distinctly decided by this court to be error, after the institution of a judgment creditors' suit and before a decree ascertaining the liens and their priorities, to decree a sale by a trustee under a deed of trust, although such deed of trust may constitute a first lien upon the property. *Stafford v. Jones,* 65 W. Va. 567; *Carter, Admr., v. Carter et als.,* 83 W. Va. 312, 98 S. E. 296.

It is true, as decided in *McDermitt, Admr., v. Newman,* 64 W. Va. 195, and *Washington National Building & Loan Association v. Buser,* 61 W. Va. 590, that the court may very properly in such cases as this administer the trust estate by a sale of the property under the trustee named in the deed of trust, or may appoint a special commissioner named for the purpose. In our opinion, unless there be reason for not doing so, the court in a cause like the one at bar should name the trustee. Here the plaintiff, with lien only upon the equity of redemption, and an antecedent trust debt so large in proportion to the value of the property, could hardly have anticipated any relief or share in the distribution of the proceeds of sale.

The question presented, however, is at this time practically a moot one. Appellants do not seek to set aside the decrees of sale and confirmation to the purchaser. The errors assigned do not go to that extent. Nor do we understand appellants to seek relief further than to have the funds arising from the sale placed in the hands of the trustee for distribution, and the trust fund thus administered by him. But if further relief was sought, our holding in the cases cited would deny appellants relief to that end. The action of the court in refusing to appoint the trustee to make the sale may have a remote bearing upon the conclusions we have reached in respect to the commissions allowed the special commissioner for making sale of the property.

The next point is that the court erroneously allowed the special commissioner $565.00 commissions when in any event he was entitled only to $229.00. As we have observed, there were no exceptions to the report of sale by the commissioner on any other ground than the allowance of excess commissions. Appellants did not except to the sale to the purchaser; did not resist confirmation to him on the ground of price, or any other ground; and though the purchaser was a party to the suit, the court could not have disturbed the report of sale and confirmation except for some substantial error other than the discretion exercised in appointing a special commissioner to make sale other than the trustee in the deed of trust. Appellants rely on section 6 of chapter 72 of the Code, relating to sales under deeds of trust, and section 3 of chapter 132, relating to compensation to commissioners for making sales under judicial decrees. Section 6 of chapter 72 specifically limits the compensation of a trustee to five percent on the first three hundred dollars and two percent on the residue. Section 3 of chapter 132 contains a similar limitation as to special commissioners, but it contains this qualifying clause, "unless the court otherwise order." It is upon this qualifying clause that the appellee mainly relies to justify the decree for commissions; and the history of this latter statute is reviewed and relied on, as well as the present high cost of living in comparison with the cost of living prevailing when these statutes were enacted. We do not see that these considerations have much bearing on the questions of law

presented.   As we have observed, plaintiff had no right to proceed except to obtain satisfaction of its judgment out of the equity of redemption.   If the trustee had been allowed to make sale of the property under the provisions of the deed of trust, undoubtdly he would have been limited to the provisions of section 6 of chapter 72 of the Code, no greater allowance of commissions having been stipulated in the deed of trust.   A proper construction of the statute does not justify a greater allowance of commissions than those specified, unless upon some special ground shown in the record.   So far as the record shows the commissions allowed by the statutes in this instance afforded ample compensation to the commissioner.   In *Hartley* v. *Ault Woodenware Company,* 82 W. Va. 780, we decided that allowance of commissions in excess of the legal rate must be founded upon clear proof that the amount so allowed does not exceed the actual value of the services rendered.   And in *Lindsay* v. *Eichelberger,* 72 W. Va. 201, the same rule is laid down respecting the allowance of commissions in suits of this character.   In *Wiegand* v. *Alliance Supply Company,* 44 W. Va. 133, we decided that extra allowance to trustees and receivers should not be made in the absence of evidence of extraordinary service rendering such allowances just and reasonable.   We are of opinion, therefore, that the decree allowing the commissioner commissions in excess of the statutory rate of five percent on the first three hundred dollars and two percent on the residue, is erroneous and should be corrected.

It was suggested in argument that it was local practice in the circuit from which this cause comes to make the special commissioners allowances in excess of the rates prescribed by the statute.   But such custom should not be allowed to prevail over the statute as interpreted by our decisions.   Nor should the recent statute enacted by the Legislature, chapter 70 of the Acts of 1919, passed since the decree here was pronounced, be allowed to control or influence this decision.

Thirdly and lastly, it is urged as ground for reversal of the decrees in part that the court erroneously decreed the sum of $169.08, costs of the suit, not including commissions, and $32.50, expenses of making sale including advertising, making deed and affixing revenue stamps, paid out of the proceeds of sale, con-

trary to the rights of the trust creditors.  The only answer we can make to this proposition is that no appeal was taken from this part of the decree.  To give us jurisdiction the decree below must have been appealed from.  *Allen & Company* v. *Maxwell,* 56 W. Va. 227.

Our conclusion is to reverse the decree below in so far as it is in conflict with the rules and principles herein laid down, and in all other respects the decree will be affirmed.

*Affirmed in part.   Reversed in part.*