NATIONAL BANK OF COMMERCE ET AL. *v.* GREAT KANAWHA ORCHARD COMPANY ET AL. CHARLES E. HOGG, APPELLANT

(No. 7007)

Submitted January 19, 1932.     Decided January 26, 1932.

*F. G. Musgrave, B. H. Blagg,* and *Hogg & Hogg,* for appellant.

*Leo Loeb,* for appellees.

LITZ, JUDGE:

This is an appeal by a special commissioner from a decree fixing his compensation.

At April Rules, 1926, National Bank of Commerce of Williamson and S. A. Moore, assignee, suing in behalf of themselves and all other lien creditors of Great Kanawha Orchard Company, a corporation, and J. H. Stewart, filed their bill of complaint in the circuit court of Putnam county against Great Kanawha Orchard Company, J. H. Stewart and others, praying for a sale of property belonging to the orchard company and Stewart to satisfy the liens thereon in their order of priority. The cause was referred to a commissioner in chancery, who filed his report of the liens, in their order of priority, March 18, 1927. April 30, 1927, a decree was entered confirming the report, ordering the sale of the property, and appointing Charles E. Hogg special commissioner to sell. Pursuant to said decree, the property was sold, September 5, 1927, at public auction, to Charles E. Burks of Lynchburg, Virginia, for $46,500. A hearing on exceptions to the report of sale, filed October 17, 1927, was postponed until December 5, 1927, to give the excepting parties opportunity to secure a higher bid. On the latter date, appellant reported an upset bid, by E. J. Kaufman, of $57,000, which was promptly accepted and confirmed. Under the terms of this sale, the purchaser paid to the special commissioner $14,250 in cash and delivered to him his three several notes, dated December 5, 1927, for $14,250 each, with "approved" endorsement, evidencing the balance of purchase price, payable in one, two and three years, respectively. n the decree confirming the sale, the special

commissioner was directed to apply the cash consideration to payment (1) of costs and his commissions (of $2850) for making the sale, (2) of taxes against the property for 1925 and 1926, and (3) of the liens in order of priority. Default having been made in payment of the first note, the property was re-sold, March 3, 1930, at public auction, to Charles E. Burks and Thomas S. Kirkpatrick, partners, doing business as Kirkpatrick & Burks, for $22,000, payable as follows: one-fourth cash, the residue in four equal installments in six, twelve, eighteen and twenty-four months, respectively. Prior to the entry of the decree of re-sale, appellant obtained a personal judgment in the circuit court of Kanawha county, against Kaufman and his sureties on one of the purchase money notes, and caused execution to be issued thereon, whch was returned unsatisfied. The final report of appellant, filed August 6, 1930, computed his commission at the rate of 5% on $57,000 (the original sale price, of which only $14,250 has been collected) and the re-sale price of $22,000, or 5% on $79,000. Upon exceptions to the report, the court limited the commission to 5% of $36,250, the total amount collected from the original sale and re-sale.

Chapter 132, section 3, Code 1923 (5-12-6, Code 1931), declares that there shall not be allowed to commissioners or officers for services under any decree or order for a sale, including the collection and paying over of the proceeds, a greater commission than five per centum of the amount received by them, unless the court otherwise order; and that if a sale be made by one commissioner or officer and the proceeds collected by another, the court under whose decree or order they acted, shall proportion the commission between them as may be just. Prior to 1919, the statute provided that the commission should not exceed five per centum on the first $300.00 received and two per centum on all above that sum, unless the court otherwise ordered. Construing the prior act in the case of *Sulzberger & Sons Co.* v. *Fairmont Packing Co.*, 86 W. Va. 361, 103 S. E. 121, the court said: "A proper construction of the statute does not justify a greater allowance of commissions than those specified, unless upon some special ground shown in the record. So far as

the record shows the commissions allowed by the statutes in this instance afforded ample compensation to the commissioner. In *Hartley* v. *Ault Woodenware Co.*, 82 W. Va. 780, 97 S. E. 137, we decided that allowance of commissions in excess of the legal rate must be founded upon clear proof that the amount so allowed does not exceed the actual value of the services rendered. And in *Lindsay* v. *Eichelberger*, 72 W. Va. 201, 77 S. E. 992, the same rule is laid down respecting the allowance of commissions in suits of this character. In *Weigand* v. *Alliance Supply Co.*, 44 W. Va. 133, 28 S. E. 803, we decided that extra allowance to trustees and receivers should not be made in the absence of evidence of extraordinary services rendering such allowances just and reasonable. We are of opinion, therefore, that the decree allowing the commissioner commissions in excess of the statutory rate of five per cent on the first three hundred dollars and two per cent on the residue, is erroneous and should be corrected." The appellant seeks to avoid the limitation of the statute on the grounds, (1) that the decree of December 5, 1927, directing payment of commission on the entire purchase price of $57,000 from the cash proceeds, was final and could not, after the term at which it was entered, have been legally altered by the trial court; (2) that there existed between him and the first lien creditors a special contract whereby, as a consideration for his services as attorney, he was to receive commissions on "the gross proceeds of sale," and that in fixing these commissions on the sale the lower court should have taken into consideration this special agreement whereas, the allowance made by the court completely ignored the agreement, and (3) that he has performed extraordinary services in making the several sales and numerous reports, recommending the acceptance of the upset bid of $57,000, and in attempting to collect the deferred purchase price from Kaufman and his sureties.

Answering the first contention, we are of opinion that the allowance of commission under the decree of December 5, 1927, contemplated the collection of the total purchase price, and, upon failure of appellant to collect any part of the deferred installments, the court acted within its reserved author-

ity in later limiting the commission to the proceeds of sale. The decree expressly required him to ''collect'' the notes for the remaining purchase price and apply the proceeds in discharge of the liens.

The second point is without merit. The court was authorized by statute to determine the compensation of appellant as special commissioner only, and could not consider the special agreement, upon the theory that it provided for an allowance to him in excess of that fixed by statute. Any agreement between the first lien creditors and the special commissioner, in his capacity as attorney, is purely collateral. The allowance for services of a special commissioner is governed by statute, and is separate and distinct from any agreement that might exist between the commissioner and parties to the suit. The contention of appellant would, therefore, require the adjustment of rights under a collateral contract foreign to the subject matter of the suit.

Finally we cannot say that the trial court has abused its discretion in refusing to allow commission in excess of five per centum upon the theory that appellant has rendered extraordinary services for the reason that his services, except in the actual selling of the property, were more or less of a formal nature. The statute does not require allowance of even five per centum commission, but authorizes the court, in exercise of a sound discretion, to fix a lower rate.

The decree is, therefore, affirmed.

*Affirmed.*

Upon Application for Rehearing: ·

Appellant, in his petition for a rehearing, says that the decree complained of, requiring him to pay over all but 5% of the money coming into his hands without an independent investigation after notice to him, violates the due process clause of the state and federal constitutions. There is no claim that he had not received the amount of money he was required to account for, and the rate of his commission was the only matter to be determined. In answering the same question in *Crawford* v. *Fickey*, 41 W. Va. 544, 23 S. E. 662,

this court, speaking through JUDGE BRANNON, said: "But the point is made by counsel that the receiver was no party to the suit in which the decree against him was made, and no notice was given him, and it is void as to him. He is the officer of the court. Must he have notice before any order can be made requiring him to pay? Of course, courts should be careful, before decreeing him to pay fixed amounts, to see that they are in his hands. But he is always before the court." We must, therefore, conclude that the point is without merit.